EMETERIO CUADRADO MESTRE y su esposa ERNESTA POMALES, demandantes y recurrentes, *v.* URSULA GARCÍA RAMÍREZ, demandada y recurrida; LA SOCIEDAD DE GANANCIALES compuesta por PEDRO REYES VARGAS y URSULA GARCÍA RAMÍREZ, demandantes y recurridos, *v.* EMETERIO CUADRADO MESTRE, demandado y recurrente.

*Número:* R-68-304      *Resuelto:* 16 de junio de 1970

*F. Rádinson Pérez,* abogado de los recurrentes; *Rafael S. Fuentes Rivera,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Emeterio Cuadrado conducía su automóvil por la Avenida Jesús T. Piñeiro en dirección a Guaynabo. Al acercarse a un área de aparcamiento en el centro de la avenida redujo la velocidad para entrar en la misma y en ese preciso instante fue impactado por la parte de atrás por un vehículo conducido por Ursula García Ramírez. El juez sentenciador determinó que "antes de reducir la velocidad y cuando se disponía a entrar al sitio de estacionamiento el señor Cuadrado Mestre hizo funcionar la luz de señales indicando que se proponía doblar a la izquierda y sacó la mano. . . ." Determinó asimismo que "el accidente en este caso se debió a la culpa y negligencia de Ursula García Ramírez. Dicha culpa y negligencia consistió en no guardar la debida distancia entre el automóvil por ella conducido y controlar la velocidad en tal forma que pudiese enfrentarse a la posibilidad de que el automóvil que iba frente a ella desacelerase o se detuviese completamente."

Veamos cuál es el problema que el presente recurso plantea.

Cuadrado y su esposa Ernesta Pomales demandaron a Ursula García. La sociedad de gananciales compuesta por Ursula y su esposo Pedro Reyes Vargas radicó demanda separada contra Cuadrado. Se solicitó la desestimación de la demanda instada por los Cuadrado-Pomales y se denegó el pedido. También se solicitó la desestimación de la acción incoada por los esposos Pedro Reyes Vargas y Ursula García Ramírez, fundándose en que su acción debía ser objeto de reconvención en el pleito instado por los Cuadrado. El juez desestimó la demanda, pero en reconsideración la reinstaló y es entonces que ordenó la consolidación de ambos pleitos. En este pleito nunca se radicó contestación. El juez de instancia declaró sin lugar la demanda instada por la sociedad de gananciales compuesta por Pedro Reyes y Ursula por los fundamentos que antes expusimos. Pero a pesar de que determinó que Ursula había sido negligente desestimó la

demanda de Cuadrado y esposa fundándose en que siendo Ursula una mujer casada la demanda debió haber sido incoada contra la sociedad de gananciales. Solicitaron la revisión de esta sentencia Cuadrado y su esposa. Accedimos.

Debemos considerar la cuestión planteada teniendo en cuenta lo dispuesto en la primera de las Reglas de Procedimiento Civil de 1958. Establece que las reglas "se interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento."

■ Antes dejamos expresado que Cuadrado y su esposa demandaron a Ursula. En acción separada la sociedad de gananciales constituida por Ursula y su esposo demandó a Cuadrado. Como la reclamación de la sociedad de gananciales compuesta por Ursula y su esposo surgía de la misma transacción o evento, procedía de acuerdo con la Regla 11.1 de las de Procedimiento Civil de 1958, (¹) radicar su reconvención dentro del pleito incoado por Cuadrado. *Sastre* v. *Cabrera*, 75 D.P.R. 1 (1953). La Regla 11.1 debe interpretarse conjuntamente con la Regla 38.1(²) que permite la consolidación de los pleitos que envuelven una cuestión

---

(¹) Dispone así la Regla 11.1:

"11.1 Reconvenciones compulsorias

Una alegación contendrá por vía de reconvención cualquier reclamación que tenga el que formula dicha alegación al tiempo de notificarla contra cualquier parte adversa, si surge de la transacción o evento que motivó la reclamación de la parte adversa y no requiere para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción; excepto que dicha reclamación no tiene que ser así formulada, si al tiempo de comenzarse el pleito la misma era ya objeto de otro pleito pendiente."

(²) Dispone así la Regla 38.1:

"38.1. Consolidación

Cuando estén pendientes ante el tribunal pleitos que envuelvan una cuestión común de hechos o de derecho, éste podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas envueltas en dichos pleitos; podrá ordenar que todos los pleitos sean consolidados; y podrá dictar aquellas órdenes referentes a procedimientos envueltos en dichos pleitos que tiendan a evitar gastos innecesarios o dilación."

común de hecho y de derecho. *Prudential Ins. Co.* v. *Saxe*, 134 F.2d 16 (S.A.D.C. 1943).

■ De ordinario la consolidación de dos pleitos no tiene el efecto de que automáticamente las partes y alegaciones de uno se conviertan en partes y alegaciones del otro, 5 Moore, *Federal Practice & Procedure*, Sec. 42.02 (1969). Pero estableciendo la Regla 11.1 que procede alegar la reconvención "si surge de la transacción o evento que motivó la reclamación de la parte adversa", si la demanda en uno de los pleitos consolidados de hecho se refiere a la materia que debió alegarse como reconvención, la consolidación tiene el efecto de hacer uno solo de los dos pleitos convirtiéndose las partes y alegaciones de uno en partes y alegaciones del otro. *Dubler* v. *Gilbert*, 10 F.R.D. 530 (U.S.D.C.S.D.N.Y. 1950); *Parker Rust Proof* v. *Detrex*, 14 F.R.D. 173 (U.S.D.C.E.D. Mich. 1953).

■ Al consolidarse los dos pleitos en el presente caso la demanda de la sociedad de gananciales de Ursula y su esposo contra Cuadrado resulta ser a todos los efectos una reconvención a la demanda incoada por este último y su esposa. Y la demanda de éstos en el pleito por ellos radicado debe considerarse como dirigida contra la reconvencionista.

En vista de lo expuesto, procede revocar aquella parte de la sentencia que desestimó la demanda de Cuadrado y esposa. Procede ahora determinar la cuestión de los daños sufridos por Cuadrado. El juez sentenciador determinó que gastó en médicos y medicinas la suma de $100 y que la reparación del automóvil costó $265. Además determinó que "el demandante perdió momentáneamente el conocimiento y lo tuvieron que ayudar a salir del automóvil y lo llevaron a una oficina de un médico que queda allí cerca. Recibió golpes en el cuello y la espalda y se vio impedido de atender su negocio por espacio de cuatro días. Los dolores en el cuello y la espalda duraron aproximadamente de seis a siete meses." Una compensación de $2,000 es razonable.

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Martínez Muñoz no intervinieron.