EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sarah Greene, *et als.*<br><br>Peticionaria<br><br>v.<br><br>Lucio Biase, *et als.*<br><br>Recurrido<br><br>_____<br><br>Lucio Biase<br><br>Recurrido<br><br>v.<br><br>Macdara G Flaherty, *et als.*<br><br>Peticionario | Certiorari<br><br>2025 TSPR 83<br><br>216 DPR ___ |

Número del Caso: CC-2025-0093

Fecha: 21 de agosto de 2025

Tribunal de Apelaciones:

    Panel XII

Representes legales de la parte peticionaria:

    Lcdo. Alfredo Fernández Martínez
    Lcdo. Miguel G. Laffitte
    Lcdo. José M. Martínez Rivera

Representes legales de la parte recurrida:

    Lcdo. Rubén Arroyo Brenes
    Lcda. Cristina M. Berríos González

Materia: Ley de Aranceles; Derecho Apelativo – Aranceles que deben pagarse cuando se apelan dos dictámenes en dos casos consolidados.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| Sarah Greene, et als.<br><br>Peticionaria<br><br>v.<br><br>Lucio Biase, et als.<br><br>Recurrido<br>___<br>Lucio Biase<br><br>Recurrido<br><br>v.<br><br>Macdara G. Flaherty, et als.<br><br>Peticionario | CC-2025-0093 |

**El Juez Asociado señor Candelario López emitió la Opinión del Tribunal.**

En San Juan, Puerto Rico, a 21 de agosto de 2025.

En esta ocasión tenemos la oportunidad de aclarar la normativa procesal cuando, mediante un solo recurso apelativo presentado ante el Tribunal de Apelaciones, una parte acumula varias sentencias parciales resueltas por el Tribunal de Primera Instancia. En específico, tenemos que resolver si el Tribunal de Apelaciones erró en desestimar por falta de jurisdicción un recurso de *apelación* donde se apelaron oportunamente dos dictámenes emitidos en casos consolidados. Ello surge porque la parte peticionaria pagó los aranceles correspondientes a un solo recurso apelativo, cuando, a juicio del Tribunal de Apelaciones, debía pagar

por dos recursos distintos. Como resultado, el foro intermedio desestimó el recurso por entender que una apelación presentada en tales circunstancias era ineficaz y le privó de evaluar la controversia en sus méritos.

Por considerar que el foro apelativo intermedio erró al desestimar el recurso de *apelación* presentado por la parte peticionaria, adelantamos que procede revocar la *Sentencia* recurrida. A continuación, exponemos los hechos que originaron el asunto ante nuestra consideración.

I

Los hechos de este recurso tienen su origen en la celebración de una fiesta de cumpleaños. Durante la noche del 25 de noviembre de 2022, la señora Sarah Greene y el señor Michael Flaherty (parte peticionaria) celebraron el vigésimo cumpleaños de su hijo, en el Restaurante Melao by Mario Pagán, localizado en la urbanización Dorado Beach East. Al culminar la cena y tras haberse intoxicado con alcohol, el cumpleañero caminó del restaurante hasta su antigua residencia, ubicada en la misma urbanización.

Al momento de los hechos, la casa estaba ocupada por sus nuevos dueños, el señor Lucio Biase y la señora Monika Gilmore (parte recurrida). Según surge del expediente, el joven irrumpió ilegalmente en la propiedad mientras la Sra. Gilmore se encontraba adentro. Acto seguido, la Sra. Gilmore contactó a la compañía de seguridad privada de la urbanización, y sus guardias acudieron a la residencia, con

la posterior intervención de la Policía de Puerto Rico. Por lo sucedido, el joven fue arrestado, y se le radicaron cargos criminales por violaciones al Código Penal de Puerto Rico.[1]

A raíz de los hechos esbozados, surgieron dos (2) casos ante el Tribunal de Primera Instancia (TPI), que son medulares para atender la controversia ante nos.

Primero, el 28 de agosto de 2023, la parte peticionaria presentó una *Demanda* sobre libelo, calumnia y difamación, en contra de la parte recurrida y MAPFRE Praico Insurance Company (MAPFRE).[2] Mediante esta, alegó que, tras lo sucedido en la noche del 25 de noviembre de 2022, la parte recurrida emprendió una campaña de difamación en la comunidad de Dorado Beach East, en su contra, ocasionándole daños y mancillando su nombre.[3] Por su parte, el 3 de noviembre de 2023, la codemandada MAPFRE interpuso una *Reconvención* reclamando a la parte peticionaria los daños a la propiedad perpetrada.

Así las cosas, el 24 de abril de 2024, la Sra. Greene presentó una *Demanda Contra Tercero* en la cual planteó que

---

[1] Mediante *Sentencia* dictada el 22 de febrero de 2024, el joven fue hallado culpable y sentenciado por los delitos de daño agravado, violación de morada, alteración a la paz y tentativa de agresión.
[2] Dicho recurso fue identificado como BY2023CV04757, presentado en el TPI de Bayamón, y atendido por la Hon. Ethel G. Ruiz Fernández, y posteriormente, por la Hon. Liza M. Báez Burgos.
[3] Según lo esbozado en la *Demanda*, la difamación consistió en expresiones públicas y falsas, tales como que:
   a. el joven era un merodeador que sembraba pánico y terror entre los vecinos de la urbanización desde el mes de septiembre de 2022;
   b. el joven intentó violar a la Sra. Gilmore en la noche de los hechos;
   c. el joven era un criminal peligroso que debía ser encarcelado y su entrada a Dorado Beach East debía ser prohibida; y
   d. la señora Sarah Greene había criado a un monstruo.

Multinational Insurance Company (Multinational) había emitido una póliza de seguros a su nombre, e incumplió con los términos y condiciones de esta. No obstante, el 25 de junio de 2024, Multinational solicitó la desestimación de la demanda en su contra, mediante una *Moción de Sentencia Sumaria Parcial en Torno a la Demanda Contra Tercero*.[4] El 17 de septiembre de 2024, el TPI notificó una *Sentencia Parcial* y desestimó con perjuicio la *Demanda Contra Tercero* presentada por la parte peticionaria en contra de Multinational.[5] En desacuerdo, el 2 de octubre de 2024, **la parte peticionaria presentó una *Moción de Reconsideración*.**[6]

El segundo pleito atendido por el TPI, referente a los hechos previamente esbozados, comenzó el 22 de noviembre de 2023. En esta ocasión, el Sr. Lucio Biase presentó una *Demanda* sobre daños y perjuicios en contra de la parte peticionaria y otros.[7] Alegó que sufrió daños como consecuencia de los actos realizados por el joven al irrumpir en su residencia de manera ilegal y violenta.

Por su parte, el 25 de abril de 2024, la parte peticionaria presentó otra *Demanda Contra Tercero* en contra

---

[4] En su petitorio, Multinational arguyó que los daños reclamados por MAPFRE en la *Reconvención* del 3 de noviembre de 2023 no estaban cubiertos bajo la póliza de seguros expedida a favor de la Sra. Greene.

[5] El TPI determinó que, según surge del Código de Seguros y su jurisprudencia interpretativa, al igual que de lo pactado entre la Sra. Greene y Multinational, la parte peticionaria no tenía derecho a reclamar cobertura alguna de la póliza emitida por la aseguradora.

[6] Multinational presentó su oposición a la solicitud de reconsideración el 18 de octubre de 2024.

[7] Dicho recurso fue identificado como SJ2023CV10926, presentado en el TPI de San Juan, y atendido por la Hon. María Cabrera Torres, quien ordenó su traslado al TPI de Bayamón, por razón de que el lugar de los hechos fue en el Municipio de Dorado. En Bayamón, la Hon. Liza M. Báez Burgos fue la Juez encargada del caso.

de Multinational.[8] De la misma forma, el 25 de junio de 2024, Multinational presentó una *Solicitud de Sentencia Sumaria Parcial*.[9] Al igual que en el caso anterior, el foro primario emitió una *Sentencia* el 17 de septiembre de 2024, notificada el 19 de septiembre de 2024. Mediante esta, el TPI desestimó la *Demanda Contra Tercero* presentada en contra de Multinational por los mismos fundamentos esbozados en el caso núm. BY2023CV4757. De igual manera, el 4 de octubre de 2024, **la parte peticionaria presentó una Moción de Reconsideración**.[10]

**Mediante *Orden* notificada el 19 de septiembre de 2024, el TPI ordenó la consolidación del caso SJ2023CV10926 con el caso de mayor antigüedad BY2023CV04757,** al amparo de la Regla 38.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 38.1 y la Regla 15 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 LPRA Ap. II-B, R. 15.[11]

**En atención a las dos solicitudes de reconsideración presentadas por la parte peticionaria, el 30 de octubre de 2024, el TPI notificó una *Resolución y Orden* en la que**

---

[8] La Sra. Greene arguyó los mismos planteamientos esbozados en la *Demanda Contra Tercero* que presentó en el caso núm. BY2023CV04757.
[9] Multinational solicitó la desestimación y archivo de la demanda, con perjuicio, por razón de que:

"[l]os daños reclamados no emanan de un accidente o sucesos fortuitos, no planificado, no intencional, imprevistos e inesperados conforme requiere la póliza que Multinational expidió a favor de la señora Greene."

[10] Multinational presentó su oposición el 18 de octubre de 2024.
[11] Cabe resaltar que, el 22 de febrero de 2024, la parte peticionaria solicitó la consolidación de ambos casos porque presentaban cuestiones comunes de hechos, y estaban pendientes ante la misma sala del TPI de Bayamón. La Hon. Liza M. Báez Burgos, la Juez atendiendo ambos casos, solicitó la posición de la parte recurrida, pero esta no compareció.

**atendió y rechazó ambas mociones simultáneamente**. El foro expresamente sostuvo que "[e]xaminados los escritos de las partes, el Tribunal declara NO HA LUGAR las reconsideraciones presentadas por Sarah Greene". Es decir, **en un mismo dictamen, el TPI atendió dos mociones de reconsideración pertinentes a dos casos previamente consolidados.**

Inconforme, el 2 de diciembre de 2024, la parte peticionaria presentó un (1) recurso de *Apelación* ante el Tribunal de Apelaciones (TA). Mediante su escrito, solicitó la revocación de las dos (2) *Sentencias Parciales* emitidas por el TPI en cada uno de los pleitos previamente consolidados.

El 18 de diciembre de 2024, el TA notificó la *Sentencia* recurrida y desestimó el recurso de apelación.[12] Indicó que la parte peticionaria presentó un solo recurso con el propósito de apelar dos sentencias parciales, pero sin pagar los aranceles correspondientes. Explicó que la parte peticionaria presentó dos demandas contra tercero en contra de Multinational, una en el caso sobre difamación (BY2023CV04757) y otra en el caso sobre daños y perjuicios (SJ2023CV10926). Al respecto, esbozó lo siguiente:

> Evaluadas las mociones y sus respectivas oposiciones, el foro primario determinó con lugar las solicitudes de desestimación vía dos sentencias parciales, ambas emitidas el 17 de septiembre de 2024 con los requisitos expuestos

---

[12] La Juez Grana Martínez, presidenta del Panel integrado por el Juez Candelaria Rosa, la Juez Rivera Pérez y la Juez Díaz Rivera, expresó su inconformidad mediante *Voto Disidente* escrito.

en la Regla 42.3 de *Procedimiento Civil*. Si bien el foro primario consolidó los referidos casos el 19 de septiembre de 2024 y resolvió las respectivas solicitudes de reconsideración de la apelante en una sola *Resolución y Orden*, las sentencias parciales en controversia no son determinaciones interlocutorias, más que fueron emitidas y notificadas separadamente, cada una conteniendo un lenguaje parcialmente distinto al otro.

Por tanto, y por lo dispuesto en nuestro ordenamiento, la apelante dejó de pagar los aranceles correspondientes a lo que debían ser dos recursos distintos y, en consecuencia, la apelación presentada en tales circunstancias es ineficaz y priva a este Tribunal de Apelaciones de jurisdicción para evaluar la controversia en sus méritos.

Nuevamente en desacuerdo, el 2 de enero de 2025, la parte peticionaria presentó una *Moción de Reconsideración*, la cual fue rechazada mediante *Resolución* notificada el 15 de enero de 2025.

Así las cosas, el 14 de febrero de 2025, la parte peticionaria presentó el recurso de epígrafe y esbozó los siguientes señalamientos de error:

PRIMER ERROR: ERRÓ El TRIBUNAL DE APELACIONES AL DESESTIMAR EL RECURSO DE APELACIÓN POR FALTA DE JURISDICCIÓN CUANDO LA CIRCUNSTANCIA QUE TENÍA ANTE SÍ ERA PRÁCTICAMENTE IDÉNTICA A SILVA BARRETO V. TEJADA MARTELL, 199 DPR 311 (2017): OPORTUNAMENTE Y EN UN SOLO RECURSO, UNA PARTE SOLICITÓ LA REVISIÓN DE DOS DICTÁMENES EMITIDOS EN UN MISMO PLEITO.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE APELACIONES AL CASTIGAR CON LA FATAL DESESTIMACIÓN DE SU RECURSO A UNA PARTE QUE FUE DILIGENTE Y PRESENTÓ EL ARANCEL CORRESPONDIENTE DE $102.

TERCER ERROR: ERRÓ EL TRIBUNAL DE APELACIONES AL NEGARSE A RECONSIDERAR LA DESESTIMACIÓN QUE DECRETÓ *MOTU PROPRIO*, PESE A QUE EN RECONSIDERACIÓN SE LE ADVIRTIÓ QUE LA SECRETARÍA DEL TRIBUNAL DE APELACIONES ACEPTÓ EL RECURSO DE

APELACIÓN CON EL ARANCEL DE $102 CON EL QUE SE SOMETIÓ Y PESE A QUE EN RECONSIDERACIÓN -Y EN ARAS DE SALVAGUARDAR SU DERECHO A REVISAR DOS DICTÁMENES MANIFIESTAMENTE ERRÓNEOS EMITIDOS EN EL MISMO PLEITO- LA PROMOVENTE PRESENTÓ UN SEGUNDO ARANCEL DE $102, DISIPANDO CON ELLO EL ESCOLLO ECONÓMICO EXIGIDO POR LA MAYORÍA DEL PANEL DEL TRIBUNAL DE APELACIONES.

CUARTO ERROR: EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL DE APELACIONES AL -SI SE TOMARA COMO CIERTA SU DETERMINACIÓN DE INAPLICABILIDAD DE SILVA BARRETO V. TEJADA MARTELL, *SUPRA*- NEGARSE A DESESTIMAR POR PREMATURO EL RECURSO DE APELACIÓN POR FALTA DE NOTIFICACIÓN ADECUADA DEL TRIBUNAL DE PRIMERA INSTANCIA DE LAS DENEGATORIAS DE LAS DOS MOCIONES DE RECONSIDERACIÓN EMITIDAS EN EL CASO CONSOLIDADO.

Examinado el recurso, el 28 de marzo de 2025 expedimos el auto solicitado. Procedemos a resolver.

## II

### A. Jurisdicción

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración". *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Beltrán Cintrón et al. y. ELA et al.,* 204 DPR 89, 101 (2020). En función de ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020).

Por tanto, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. *Beltrán Cintrón et al. v. ELA et al., supra,* en la pág. 102; *Cancel Rivera v. González Ruiz,* 200 DPR 319, 329-330 (2018). Así, los

asuntos jurisdiccionales deben ser resueltos con preferencia, pues una sentencia dictada sin jurisdicción es nula y se considera inexistente. *Metro Senior v. AFV, supra*, en la pág. 209; *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

**B. Derecho Arancelario**

Sabido es que, siempre que una parte presenta un escrito de apelación o *certiorari* ante el Tribunal de Apelaciones, viene obligada a pagar los derechos arancelarios correspondientes. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 316 (2017); *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159, 176 (2012). Como norma general, el pago de los aranceles de presentación es un requisito *sine qua non* para el perfeccionamiento de los recursos apelativos. De lo contrario, conforme dispone la *Ley de Aranceles de Puerto Rico*, Ley Núm. 17 de 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1481 (2017), el documento se reputará nulo y se tendrá por no presentado.

A esos efectos, nuestro ordenamiento reconoce una serie de excepciones a la nulidad por falta de pago de aranceles: (1) si la persona es indigente; (2) cuando la deficiencia arancelaria ocurre sin intervención de la parte ni intención de defraudar, sino por inadvertencia de un funcionario judicial, quien acepta por equivocación un escrito sin pago alguno o por una cantidad menor de los aranceles que corresponden; y (3) si el Secretario del tribunal correspondiente instruyó erróneamente a la parte,

sin intervención de esta última, colusión o intención de defraudar. *M-Care Compounding et al. v. Depto. Salud*, *supra*, en las págs. 176-177, citando la Sec. 6 de la *Ley de Aranceles de Puerto Rico*, 32 LPRA sec. 1482. No obstante, toda vez que el error en el pago de aranceles se deba a la parte o su abogado, no se reconocerá excepción alguna, por lo cual el documento será nulo y, en efecto, carecerá de validez. Íd.

**C. Economía procesal: recursos conjuntos y consolidaciones**

Nuestro ordenamiento jurídico siempre se ha destacado por la aspiración de facilitar el acceso a los tribunales y el manejo de los procesos judiciales, garantizando una solución justa, rápida y económica para todas las partes. La primera regla de las Reglas de Procedimiento Civil, *supra*, establece lo propio para todos los procedimientos de naturaleza civil ante el Tribunal General de Justicia. A esos efectos, la Regla 38.1 de Procedimiento Civil dispone que, ante pleitos que comprendan cuestiones comunes de hechos o de derecho, el TPI podrá ordenar que todos los pleitos sean consolidados y podrá dictar aquellas órdenes que eviten gastos o dilaciones innecesarias.

Por su parte, el Tribunal de Apelaciones también está llamado a cumplir con el objetivo de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, 4 LPRA sec. 24u, y dar mayor acceso a la ciudadanía a los procesos judiciales. En específico, el Tribunal de Apelaciones debe ofrecer acceso

fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos. Véase, también, la Regla 2 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 2.

A tenor con lo esbozado, la Regla 17 del Reglamento del Tribunal de Apelaciones permite que varias personas afectadas por una misma sentencia, y cuyos derechos en alzada sean compatibles, presenten un solo recurso de apelación conjuntamente. Además, el foro intermedio tiene la facultad de consolidar apelaciones que hayan sido presentadas individualmente, por iniciativa propia, o a solicitud de parte. *Silva Barreto v. Tejada Martell*, *supra*, en las págs. 316-317. Igualmente, la Regla 80.1 del referido Reglamento le confiere al TA la potestad de consolidar resoluciones u órdenes *motu proprio* o a solicitud de parte. Véase, también, *Silva Barreto v. Tejada Martell*, *supra*, en la pág. 317.

En *M-Care Compounding et al. v. Depto. Salud*, *supra*, en las págs. 182-183, decretamos que las normativas procesales esbozadas en la Regla 17 del Reglamento del foro intermedio únicamente contempla la presentación conjunta cuando más de una persona pretende recurrir de un mismo dictamen. Sin embargo, en *Silva Barreto v. Tejada Martell*, *supra*, en las págs. 321-322, resolvimos que una (1) parte sí puede apelar varias determinaciones interlocutorias del TPI simultáneamente, siempre y cuando provengan de un mismo

caso y que el recurso se presente dentro del término dispuesto en ley. Es decir, autorizamos que una (1) parte acumulara en un solo recurso apelativo varias determinaciones interlocutorias del foro primario en un mismo pleito, condicionado a que el recurso fuese presentado oportunamente en alzada. Íd.

## III

En el recurso ante nuestra consideración, la parte peticionaria sostiene que el Tribunal de Apelaciones erró al decretarse sin jurisdicción y desestimar su recurso de *apelación*. A saber, señaló que el foro intermedio debió aplicar por analogía la doctrina que establecimos en *Silva Barreto v. Tejada Martell*, *supra*, por tratarse de circunstancias similares en donde se utilizó un (1) recurso apelativo para solicitar la revisión de dos (2) dictámenes emitidos en un mismo proceso judicial. Le asiste la razón.

En primer lugar, comenzamos por reafirmar el alcance de lo resulto en *Silva Barreto v. Tejada Martell*, *supra*, con el propósito de distinguir de la controversia que hoy nos ocupa los pronunciamientos esbozados en aquella ocasión. En el referido caso, una parte elevó a la atención del Tribunal de Apelaciones dos (2) resoluciones interlocutorias emitidas como parte de un (1) procedimiento judicial. Es decir, mediante un solo recurso apelativo, el peticionario cuestionó (2) dos determinaciones interlocutorias promulgadas por un mismo tribunal, en un mismo proceso judicial y notificadas en una misma fecha. Al

momento de resolver, revocamos la determinación del Tribunal de Apelaciones al declararse sin jurisdicción para atender los reclamos presentados. Guiados por consideraciones de justicia y economía procesal, establecimos que una parte podía acumular en un mismo recurso apelativo varias determinaciones interlocutorias del foro primario, emitidas en un mismo caso, condicionado a que el recurso se presentara oportunamente en alzada.

**Por otro lado, en el presente caso, tenemos un (1) recurso apelativo mediante el cual se apelaron (2) dos dictámenes emitidos en la misma fecha, por la misma juzgadora, en un caso consolidado.** A saber, el tracto procesal de ambos pleitos consolidados fue prácticamente idéntico: (1) la parte peticionaria presentó una *Demanda Contra Tercero* con el propósito de incluir a Multinational en el pleito; (2) Multinational solicitó la desestimación de la demanda en su contra mediante *Solicitud de Sentencia Sumaria*; (3) el 17 de septiembre de 2024, el TPI emitió una *Sentencia Parcial*, resolviendo a favor de Multinational; y (4) el 19 de septiembre de 2024, el foro primario ordenó la consolidación de ambos casos, al amparo de la Regla 38.1 de Procedimiento Civil.

**A pesar de que la parte peticionaria solicitó la reconsideración de ambas sentencias individualmente, el**

**TPI, habiendo consolidado ambos casos, optó por atendarlas y rechazarlas mediante una sola *Resolución y Orden*.[13]**

Es en ese momento que, siguiendo el curso de acción del foro primario, la parte peticionaria decidió apelar ambas determinaciones mediante la presentación de un solo recurso apelativo.[14] En otras palabras, la parte peticionaria pagó el arancel de $102.00, ante el Tribunal de Apelaciones, por un (1) recurso de *apelación* en el que solicitó revisar dos (2) sentencias emitidas por la misma jueza del TPI de Bayamón, en la misma fecha, y en un caso consolidado. Esto ocurrió después de que el foro primario denegara la solicitud de reconsideración de ambas sentencias, mediante un solo dictamen.

Aún así, evaluado el recurso apelativo, el TA determinó que no era de aplicación el precedente establecido en *Silva Barreto v. Tejada Martell*, *supra*, por razón de que no fueron impugnadas determinaciones interlocutorias. Por tanto, desestimó el recurso por falta de jurisdicción, al entender que la parte peticionaria pretendía apelar dos sentencias parciales pagando los aranceles correspondientes a la apelación de una solamente.[15]

---

[13] El epígrafe del referido dictamen incluyó la información de ambos casos previamente consolidados.

[14] Dicho recurso fue identificado con el mismo epígrafe de la *Resolución y Orden*, notificada el 30 de octubre de 2024.

[15] En adición al pago arancelario de $102.00, por motivo de la presentación de su recurso de *apelación*, la parte peticionaria certificó haber pagado un arancel adicional por la misma cantidad, el 2 de enero de 2025, al momento de presentar una *Moción de Reconsideración* impugnando el dictamen del foro intermedio.

No obstante, mediante un solo recurso apelativo, al igual que en *Silva Barreto v. Tejada Martell*, *supra*, **la parte peticionaria cuestionó dos (2) determinaciones promulgadas por un mismo tribunal, en un mismo proceso judicial y notificadas en una misma fecha.** Para aquel entonces, al cuestionarnos qué justificación existía para obligar al peticionario a presentar dos recursos por separado, esta Curia expresó que "**[e]n la eventualidad del foro primario haber dispuesto de los asuntos en cuestión en una misma resolución, se hubiesen podido atender esas determinaciones a través de un solo recurso. Es decir, bajo este supuesto, era viable impugnar estos asuntos, aunque diversos, dentro de un mismo trámite en alzada**". Íd., en la pág. 320. Por tanto, estando ante una situación en la que se apelaron dos sentencias resueltas en una misma *Resolución y Orden*, no identificamos razón alguna para obligar a la parte peticionaria a tener que presentar recursos separados ante el Tribunal de Apelaciones. La exigencia con este curso de acción, bajo estas circunstancias, laceraría el principio de economía procesal que permea todo nuestro ordenamiento y el cual debemos tener como norte al descargar nuestras funciones de implementar la forma y manera de acceder al Tribunal de Apelaciones. Íd., en la pág. 321.

Es menester que tengamos presente que nuestros pronunciamientos deben fomentar la agilización de los trámites judiciales y promover la economía procesal, para

dar paso a un proceso justo, rápido y económico. Conforme establecen las Reglas de Procedimiento Civil, la Ley de la Judicatura, y el Reglamento del Tribunal de Apelaciones, los procesos que se instauren deben viabilizar un acceso dinámico, económico y efectivo ante el foro apelativo intermedio. *Silva Barreto v. Tejada Martell*, *supra*, en la pág. 321. Ante una situación que no ha sido atendida expresamente por el Reglamento del Tribunal de Apelaciones, ni la jurisprudencia, no estamos impedidos de delinear los criterios necesarios y equitativos para abordar un asunto como el que nos ocupa. A esos efectos, estamos encomendados a establecer pautas que promuevan que los trámites judiciales se efectúen de manera ágil, accesible y justa. Íd.

Así las cosas, en vista de continuar fomentando la justicia y economía procesal, y en aras de promover el acceso a los tribunales, coincidimos con la apreciación del Voto Disidente del Tribunal de Apelaciones a los efectos de que procedía aplicar, por analogía, la norma establecida en *Silva Barreto v. Tejada Martell*, *supra*. A saber, que, **en un (1) recurso apelativo, un apelante podrá acumular varias sentencias parciales emitidas en un caso, sujeto a que el recurso se presente oportunamente en alzada.**[16] Dicho de otro modo, las partes tendrán la oportunidad de acudir al foro apelativo intermedio, mediante un solo recurso, para

---

[16] Al igual que expresamos en *Silva Barreto v. Tejada Martell*, *supra*, reiteramos que la decisión a la cual hoy llegamos no tiene el efecto de modificar los términos de los cuales disponen las partes para apelar ante los foros revisores.

impugnar varias sentencias del TPI, siempre y cuando hayan sido presentadas dentro del término apelativo correspondiente.

En vista a lo anterior, erró el Tribunal de Apelaciones al declararse sin jurisdicción para atender los reclamos de la parte peticionaria por considerar que esta dejó de pagar los aranceles correspondientes a lo que, a su juicio, debían ser dos recursos distintos.

## IV.

Por los fundamentos antes expuestos, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso para que atienda el recurso en sus méritos. A tenor con lo esbozado, se extiende la norma de *Silva Barreto v. Tejada Martell*, *supra*, por analogía, a efectos de permitir que, en un (1) recurso apelativo, un apelante acumule varias sentencias parciales emitidas en un caso, sujeto a que el recurso se presente oportunamente en alzada.

Se dictará Sentencia de conformidad.


Raúl A. Candelario López
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Sarah Greene, et als.<br><br>Peticionaria<br><br>v.<br><br>Lucio Biase, et als.<br><br>Recurrido<br><br>Lucio Biase<br><br>Recurrido<br><br>v.<br><br>Macdara G. Flaherty, et als.<br><br>Peticionario | CC-2025-0093 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de agosto de 2025.

Por los fundamentos expuestos en la Opinión que antecede, los cuales se hacen formar parte de esta Sentencia, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso para que atienda el recurso en sus méritos. A tenor con lo esbozado, se extiende la norma de *Silva Barreto v. Tejada Martell*, *supra*, por analogía, a efectos de permitir que, en un (1) recurso apelativo, un apelante acumule varias sentencias parciales emitidas en un caso, sujeto a que el recurso se presente oportunamente en alzada.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emite una Opinión Disidente. La Jueza Asociada Rivera Pérez no interviene.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sara Greene, et als. | |
| Peticionario | |
| v. | |
| Lucio Biase, et als. | |
| Recurrido | |
| | CC-2025-0093 |
| Lucio Biase | |
| Recurrido | |
| v. | |
| Macdara G. Flaherty, et als. | |
| Peticionario | |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.


En San Juan, Puerto Rico, a 21 de agosto de 2025.

Disiento de la determinación que hoy emite este Tribunal mediante la cual extiende la norma de *Silva Barreto v. Tejada Martell*, 199 DPR 311 (2017), al permitir que un apelante recurra de varias Sentencias emitidas en casos consolidados en un solo recurso apelativo.

Con este proceder, se acoge la postura errada de la parte peticionaria, quien sostiene que el recurso de apelación presentado buscaba la revisión "de dos sentencias

parciales emitidas en un solo caso consolidado" y por consiguiente aplica *Silva Barreto v. Tejada Martell*, *supra. Certiorari*, pág. 2. Esta premisa es incorrecta. Esto pues, se aparta de la Doctrina de la Individualidad de los Pleitos Consolidados que ha sido claramente aceptada en nuestro ordenamiento jurídico, y de las expresiones emitidas por este Foro en *Silva Barreto v. Tejada Martell*, *supra,* y en *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012). A su vez, tiene el efecto de provocar confusión entre las partes en cuanto a los derechos procesales particulares que puedan tener en cada caso. Por ello, disiento.

## I

Por hechos ocurridos el 25 de noviembre de 2022, se presentaron dos Demandas ante el Tribunal de Primera Instancia.

### A. Caso Núm. BY2023CV04757

El 28 de agosto de 2023, la Sra. Sarah Greene, por sí y junto con A. Michael Flaherty, en representación del entonces hijo menor de ambos, Macdara G. Flaherty, presentaron una Demanda sobre libelo, calumnia y difamación en contra del Sr. Lucio Biase, la Sra. Monika Gilmore y MAPFRE Praico Insurance Company (BY2023CV04757). Así las cosas, los demandados también presentaron sus respectivas Contestaciones y Reconvenciones.

Posteriormente y de particular importancia al recurso presentado, la señora Greene (parte peticionaria) presentó una Demanda contra Tercero en contra de Multinational

Insurance Company (Multinational) por el alegado incumplimiento con su deber de ofrecer defensa y cubierta frente a las Reconvenciones. En cuanto a esta Demanda contra Tercero, el Tribunal de Primera Instancia emitió una Sentencia Parcial desestimándola con perjuicio, la cual fue notificada el 17 de septiembre de 2024. Oportunamente, la parte peticionaria presentó una Moción de Reconsideración.

### B. Caso Núm. SJ2023CV10926

Por otro lado, el 22 de noviembre de 2023, el Sr. Lucio Biase presentó una Demanda sobre daños y perjuicios en contra de Macdara G. Flaherty, Michael Flaherty, Sarah Greene, Dorado Beach East Homeowners Association, Inc., St. James Security Services, LLC., y el Restaurante Melao by Mario Pagán (SJ2023CV10926). Este caso fue trasladado al Tribunal de Bayamón. Así las cosas, la parte peticionaria también presentó una Demanda contra Tercero en contra de Multinational. No obstante, el foro de instancia emitió una Sentencia Parcial el 17 de septiembre de 2024, notificada el 19 de septiembre de 2024, mediante la que desestimó con perjuicio la Demanda contra Multinational. La parte peticionaria presentó una Moción de Reconsideración.

En el interín y ante una Solicitud de Consolidación, el 19 de septiembre de 2024 el Tribunal de Primera Instancia ordenó la consolidación de ambos casos (BY2023CV04757 y SJ2023CV10926) al amparo de la Regla 38.1 de Procedimiento Civil, 32 LPRA Ap. V. En cuanto a las Mociones de Reconsideración que había presentado la parte peticionaria

en cada caso, el foro primario notificó una Resolución y Orden el 30 de octubre de 2024 en la que denegó ambas mociones simultáneamente.

El 15 de octubre de 2024, la parte peticionaria presentó un recurso de Apelación ante el Tribunal de Apelaciones y solicitó la revocación de ambas Sentencias Parciales. No obstante, mediante Resolución de 17 de diciembre de 2024, notificada al día siguiente, el foro apelativo intermedio desestimó el recurso presentado por falta de jurisdicción. Asimismo, una posterior Moción de Reconsideración fue denegada.

Inconforme, la parte peticionaria acude ante nos mediante recurso de *Certiorari* y sostiene que una vez consolidados los dos pleitos a nivel de instancia, todas las etapas del procedimiento, incluyendo la apelativa discurren como si fuera un solo caso. *Certiorari*, pág. 19. Indica que la diferencia entre *Silva Barreto v. Tejada Martell*, *supra*, y la situación de autos es inconsecuente. Por otro lado, Multinational presentó su alegato el 12 de junio de 2024 y solicita que confirmemos el dictamen apelado. Así las cosas, el caso quedó sometido en los méritos el 13 de junio de 2025.

**II**

Nuestro ordenamiento jurídico procesal promueve la solución justa, rápida y económica de las controversias, así como el acceso fácil, económico y efectivo a los tribunales. Un mecanismo para lograrlo es la consolidación de los pleitos, pues supone que procesos distintos y pendientes

ante el tribunal se consoliden en uno para fines de su tramitación o únicamente para fines del juicio. *Hosp. San Fco., Inc. v. Sria. de Salud*, 144 DPR 586 (1997). Véase, además, R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. Lexisnexis, 2017, Sec. 3601, pág. 395. La consolidación tiene como propósito evitar la proliferación de acciones, lograr la economía procesal e impedir fallos incompatibles entre distintas disputas relacionadas a cuestiones similares de hecho o derecho. *Crespo Quiñones v. Santiago Velázquez,* 176 DPR 408 (2009); *Hosp. San Fco., Inc. v. Sria. de Salud*, *supra; Vives Vázquez v. E.L.A.*, 142 DPR 117(1996).

Específicamente, la Regla 38.1 de Procedimiento Civil, *supra*, permite a los tribunales consolidar, ya sea total o parcialmente, casos pendientes que presentan cuestiones comunes de hecho o de derecho. Como hemos expresado en repetidas ocasiones, no es necesario que la totalidad de las cuestiones de hecho y derecho sean idénticas. Tampoco se impide la consolidación cuando existan consideraciones particulares solo a alguno de los casos. Además, las cuestiones comunes pueden serlo de hecho o de derecho y no se requiere que sean de ambos. Tampoco se requiere que exista identidad entre las partes en los pleitos a consolidarse ni que las acciones sean de igual naturaleza. *Hosp. San Fco., Inc. v. Sria. de Salud*, *supra*, pág. 593.

De lo anterior se desprende una multiplicidad de consolidaciones posibles. Por ello, una característica importante de la consolidación y que hemos sostenido en repetidas ocasiones, es que los casos no pierden su carácter individual tras ser consolidados. Es decir, la consolidación no los convierte en una misma causa, no cambia los derechos de las partes, ni hace que las partes de un caso sean partes del otro. *Vives Vázquez v. E.L.A.*, pág. 144 esc. 24, citando a *Johnson v. Manhattan Ry. Co.,* 289 US 479 (1933); *Cuadrado v. García*, 99 DPR 154, 157 (1970). Véase además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2011, T. III, pág. 1132. Así, hemos expresado que como norma general, la consolidación de pleitos no tiene el efecto de que automáticamente las partes y las alegaciones de uno se conviertan en partes y alegaciones del otro, lo que conlleva que deban presentar las contestaciones a las demandas presentadas en su contra y llevar a cabo el descubrimiento de prueba a tenor con sus alegaciones. *Vélez Cortés v. Baxter,* 179 DPR 455(2010); *Cuadrado v. García*, *supra*. Asimismo, la individualidad de los casos consolidados puede impactar los derechos de las partes, como por ejemplo, los términos para recurrir, entre otros. Tal como ilustra Cuevas Segarra:

> resulta evidente que el hecho de que una parte solicite reconsideración en su caso particular, no puede tener el efecto de paralizar el plazo apelativo que tienen las demás partes para recurrir de la sentencia final en el caso particular que no fue objeto de una solicitud de reconsideración de hechos adicionales, ya que sería contrario a la naturaleza procesal de la consolidación y al

derecho sustantivo que reconoce la individualidad
de los pleitos. Cuevas Segarra, *op. cit.*, pág.
1132.

Con ello en mente, en los casos consolidados "debe
recurrirse de cada una de las sentencias en recursos
separados". Hernández Colón, *op. cit.*, pág. 396. Véase
además, Cuevas Segarra, *op. cit.*, pág. 1133. Esto, a su vez,
es cónsono con nuestras expresiones de que, "cuando se trata
de dictámenes en casos diferentes, la parte afectada debe
someter los recursos separadamente y pagar los aranceles
correspondientes para cada uno de ellos".[1] *Silva Barreto v.
Tejada Martell*, *supra*, pág. 317, citando a *M-Care
Compounding et al. v. Depto. Salud*, *supra*.

### III

En el recurso presentado no se cuestiona la
determinación del foro primario respecto a la consolidación
de ambos pleitos. Por el contrario, lo que debemos examinar
es qué efecto tuvo, si alguno, la consolidación de ambos
casos y la posterior emisión de una sola Resolución para
denegar las Mociones de Reconsideración presentadas contra
las Sentencias emitidas en cada pleito. Esto, en cuanto a
la forma en que las partes debían recurrir al Tribunal de
Apelaciones para revisar las Sentencias.

---

[1] La presentación de recursos de apelación o *certiorari* requieren el pago
de los derechos arancelarios correspondientes, so pena de que se repute
nulo y se tenga como no presentado. *Silva Barreto v. Tejada Martell*,
199 DPR 311, 316 (2017).

En el caso de autos, las controversias fueron correctamente atendidas mediante Sentencias separadas. Los casos fueron posteriormente consolidados y las subsiguientes Mociones de Reconsideración fueron atendidas y denegadas mediante una misma Resolución. Sin embargo, este último evento procesal no tuvo efecto alguno en el requisito de que las Sentencias debían ser recurridas de forma separada. Esto pues, a pesar de que ambos casos fueron consolidados, estos mantuvieron su individualidad y las Mociones de Reconsideración solo tuvieron el propósito de interrumpir los términos para darle la oportunidad al tribunal sentenciador para corregir los errores que hubiese incurrido al dictarlas. Por lo tanto, la Resolución que atendió las Mociones de Reconsideración no puede considerarse como el dictamen recurrible. Por el contrario, permitir la amplitud y falta de claridad que pretende la Mayoría de este Tribunal al ampliar la norma establecida en *Silva Barreto v. Tejada Martell*, *supra*, provocará confusión entre las partes en cuanto a sus derechos procesales particulares a cada caso bajo la ilusión de ofrecer acceso fácil, económico y efectivo.

Ciertamente, nos corresponde establecer un esquema reglamentario que sea fácil, económico y efectivo. Art. 4.004, de la Ley Núm. 201-2003, según enmendada, conocida como Ley de la Judicatura de 2033 (4 LPRA Sec. 24w). Sin embargo, este debe ser a su vez coherente y adecuado. La falta de claridad en controversias como la de autos va en

detrimento de este deber. Por ello, no debemos variar la norma que hemos sostenido repetidamente de que deben someterse recursos separados para dictámenes en casos diferentes. En vista de lo anterior, sostengo que la parte peticionaria debió presentar un recurso de apelación por cada Sentencia que interesaba recurrir, así como, pagar los derechos arancelarios correspondientes a cada uno.

## IV

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por este Tribunal. En este caso hubiese confirmado la determinación del Tribunal de Apelaciones.

Mildred G. Pabón Charneco
Jueza Asociada