ESTADO LIBRE ASOCIADO DE PUERTO RICO
PANEL IX

| OMAR MERCADO VÁZQUEZ<br><br>APELANTES<br><br>V.<br><br>MUNICIPIO DE CATAÑO Y OTROS<br><br>APELADOS | TA2025AP00311 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. CT2021CV00064<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparece ante nos, Omar Mercado Vázquez (en adelante, "el apelante"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Sentencia Parcial"* emitida el 21 de julio de 2025 y notificada el 22 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida determinación, el tribunal de instancia desestimó la reclamación por libelo, calumnia y difamación entablada en contra del Municipio Autónomo de Cataño ("Municipio de Cataño"). A su vez, ordenó al apelante que pagara la cantidad de $5,500.00 en concepto de costas, gastos y honorarios de abogado, todo, dentro de un pleito civil sobre daños y perjuicios incoado por el apelante en contra del Municipio de Cataño, representado por su Alcalde el Hon. Félix Delgado Montalvo; Javish Collazo Fernández y la Sociedad Legal de Bienes Gananciales compuesta por él y Fulana de Tal; Edwin Rivera Martínez y la Sociedad Legal de Bienes Gananciales compuesta por él y Sutana de Tal; Juan J. Torres González y la Sociedad Legal de Bienes Gananciales compuesta por él y Mengana de Tal; Luis A. Acosta Alago y la Sociedad Legal de

Bienes Gananciales compuesta por él y Juana de Tal; y los desconocidos Aseguradora ABC y Fulano de Tal.

Por los fundamentos que expondremos a continuación, *desestimamos* al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR ___ (2025), el recurso de apelación de epígrafe por carecer de jurisdicción para evaluar sus méritos.

**I.**

El presente pleito tiene su origen en la *"Demanda"* presentada por el apelante el día 16 de mayo de 2021. A través de esta, el apelante instó una serie de causas de acción por difamación; libelo; calumnia; represalias; y negligencia en contra del Municipio de Cataño, su Director de Seguridad Pública y varios policías de la entidad municipal en su carácter personal y oficial. En esencia, sostuvo la procedencia de sus reclamos a tenor de las aducidas expresiones falsas; presentaciones de querellas infundadas y la suspensión sumaria de empleo indebida que los demandados promovieron en su contra. Aseveró que las referidas actuaciones le causaron sufrimiento y angustias mentales. Ante ello, peticionó al foro recurrido una indemnización en daños y perjuicios y el pago de honorarios de abogado a su favor.

En reacción, el 22 de julio de 2021 y el 30 de noviembre de 2021, el Municipio de Cataño y el resto de los demandados presentaron *"Contestación a la Demanda."* En síntesis, negaron que las expresiones proferidas en contra del apelante, si alguna, hayan sido libelosas. De igual modo, negaron que estas constituyeran expresiones oficiales del Municipio de Cataño y aseveraron que no se configuró una causa de acción por represalias. Sostuvieron en la afirmativa que el apelante provocó el conflicto de que se aqueja.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 29 de noviembre de 2023, el Municipio de Cataño junto a cuatro (4) de los demandados, presentaron *"Moción en Solicitud de*

*Desestimación de las Causas de Difamación, Libelo y Calumnia contra el Municipio de Cataño."* Estos alegaron, que el derogado Artículo 15.005 de la Ley de Municipios Autónomos de Puerto Rico, Ley Núm. 81 del 30 de agosto de 1991, 21 LPRA sec. 4705, vigente al momento de los aducidos hechos, impide la presentación de reclamaciones sobre daños y perjuicios en contra de los municipios por actos u omisiones de un funcionario, agente o empleado que sean constitutivos de calumnia, libelo o difamación. En vista de ello, solicitaron la desestimación con perjuicio de la causa de acción de libelo, calumnia y difamación, incoada por el apelante en contra del Municipio de Cataño. Ampararon su petición en la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Además, solicitaron la imposición de gastos, costas y honorarios de abogado.

En respuesta, el 11 de diciembre de 2023, el apelante presentó "*Oposición a Moción de Desestimación.*" A través de esta, arguyó que el Municipio de Cataño responde por los actos negligentes y por los incumplimientos con los deberes ministeriales de los funcionarios a su cargo. Además, sostuvo que las presuntas expresiones difamatorias eran "representativas del ayuntamiento," por lo cual el Municipio de Cataño debe responder vicariamente por ellas. En cuanto a las actuaciones y omisiones de dicho Municipio, aseveró que éste no realizó acción afirmativa alguna que haya subsanado su reputación.

En atención de los escritos presentados, el 22 de julio de 2025, el foro apelado notificó *"Sentencia Parcial"*. Mediante esta, desestimó la reclamación por libelo, calumnia y difamación entablada en contra del Municipio de Cataño. A su vez, ordenó al apelante que pagara la cantidad de $5,500.00 en concepto de costas, gastos y honorarios de abogado.

En desacuerdo, oportunamente el 4 de agosto de 2025, el apelante presentó *"Solicitud de Reconsideración."* En su escrito reiteró, que las expresiones vertidas por los funcionarios municipales eran representativas del ayuntamiento. Además, cuestionó la imposición de costas, gastos y honorarios de abogado, bajo la premisa de que estos nunca fueron

solicitados por el Municipio de Cataño. Cónsono con lo anterior, esgrimió que no procede la imposición de honorarios de abogado dado que no se adjudicó la existencia de temeridad. Al día siguiente, el foro apelado notificó una *"Orden"* mediante la cual declaró *No Ha Lugar* la *"Solicitud de Reconsideración"* del apelante.

Así las cosas, también de forma oportuna, el 6 de agosto de 2025, el Municipio de Cataño y otros codemandados presentaron "*Solicitud de Reconsideración Respecto a Cuantía por Honorarios de Abogado."* Mediante esta, solicitaron que se aumentara la partida concedida en concepto de costas, gastos y honorarios de abogado a la suma total de $30,995.00. A los fines de que la referida cuantía de honorarios de abogado reflejara la gravedad de la temeridad ejercida por el apelante.

En atención de la petición anterior, el 7 de agosto de 2025, el foro apelado les ordenó a los referidos demandados que dentro del término de veinte (20) días presentaran una moción con información de las horas trabajadas por los abogados, para así advenir en posición de evaluar la aludida solicitud. Así pues, el 27 de agosto de 2025, el Municipio de Cataño y otros codemandados presentaron *"Moción Informativa para Anejar Documento de Forma Confidencial y en Cumplimiento de Orden."* Junto a dicho escrito anejaron evidencia de la factura por servicios prestados a los fines de fundamentar la petición de aumento de costas, gastos y honorarios de abogado.

El 3 de septiembre de 2025, notificada el 4 de septiembre de 2025, el foro apelado dio por cumplida la orden notificada el 7 de agosto de 2025 y procedió a aumentar la cantidad concedida en concepto de honorarios de abogado a la suma de $30,995.00.

Al día siguiente, el apelante compareció ante este Tribunal a través de un recurso de apelación. Mediante este, solicitó la revisión de la *"Sentencia Parcial"* notificada el 22 de julio de 2025. En particular, se limitó a cuestionar la imposición de honorarios de abogado bajo el siguiente señalamiento de error:

El tribunal de primera instancia erró al aplicar el estándar federal sobre la concesión de honorarios de abogado, sin que mediara una determinación de temeridad. Tal actuación resulta contraria a nuestro ordenamiento, toda vez que en la esfera local los honorarios solo proceden de manera excepcional, sujeto a una justificación expresa por el tribunal, y no de forma automática.

Conviene destacar que, en la jurisdicción federal, la regla general es que la parte perdidosa está obligada a sufragar los honorarios de la parte vencedora, lo que responde a un principio procesal distinto al vigente en Puerto Rico. El foro recurrido, al trasladar dicho estándar, incurrió en error manifiesto al pretender imponer automáticamente al demandante el pago de honorarios sin el requisito indispensable de una declaración de temeridad.

## II.

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83; *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). El Tribunal de Apelaciones tiene facultad para desestimar un recurso apelativo o denegar un auto discrecional al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR ___ (2025), en los escenarios en que carece de jurisdicción para atender el recurso presentado.

## III.

Surge del escrito de apelación de epígrafe que el apelante recurre de la *"Sentencia Parcial"* notificada el 22 de julio de 2025, por el tribunal de instancia. En su comparecencia se limita a cuestionar la cuantía de $5,500.00 concedida en concepto de costas, gastos y honorarios de abogado, según expuesta por dicho tribunal en la referida *"Sentencia Parcial."* Nótese, que luego de que se notificó la aludida sentencia las partes presentaron dos (2) mociones de reconsideración. El apelante

solicitó reconsideración el día 4 de agosto de 2025, la cual fue adjudicada por el foro apelado al día siguiente. Por su parte, el Municipio de Cataño presentó reconsideración el día 6 de agosto de 2025. Mediante esta, peticionó que se aumentara la partida concedida en concepto de honorarios de abogado por temeridad. El 4 de septiembre de 2025, el foro apelado notificó una *"Orden"* mediante la cual reconsideró la referida cuantía y la incrementó a la cantidad de $30,995.00.

Luego de que se notificó la determinación en reconsideración el apelante presentó el recurso de epígrafe. Si bien, el apelante compareció ante esta Curia dentro del término requerido para ello, lo cierto es que recurre de una adjudicación de honorarios de abogado inexistente. La razón de ello estriba en que el recurso de apelación se limita a señalar la improcedencia del pago de honorarios de abogado impuesto a tenor de la *"Sentencia Parcial,"* sin tomar en consideración que dicho dictamen fue reconsiderado en virtud de la *"Orden"* del 4 de septiembre de 2025. Por consiguiente, el apelante impugna una adjudicación de honorarios de abogado que carece de efecto jurídico por haber sido modificada.

En vista de lo anterior, carecemos de autoridad para revisar una determinación de honorarios de abogado que no es vinculante, toda vez que fue dejada sin efecto por una nueva adjudicación.

**IV.**

Por los fundamentos expuestos, *desestimamos* al amparo de la Regla 83, *supra* el recurso de apelación de epígrafe por carecer de jurisdicción para evaluar sus méritos.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
Tribunal de Apelaciones