Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>HUGO NÚÑEZ CASTRO<br><br>Peticionario | TA2025CE00542 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: FLA2019G0063<br><br>Sobre:<br><br>Disparar o Apuntar Armas |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

El 30 de septiembre de 2025 el peticionario, señor Hugo Núñez Castro presentó este recurso en el que solicita que revisemos una orden dictada y notificada por el Tribunal de Primera Instancia (TPI) el 11 de agosto de 2025. El señor Núñez Castro o peticionario se encuentra confinado y conforme a su condición de indigencia fue eximido del pago de arancel. El peticionario alega que fue sentenciado el 16 de enero de 2020, por asesinato involuntario y violación a la Ley de Armas. Aduce que el 15 de julio de 2025, solicitó al TPI reconsiderar la sentencia. El 11 de agosto de 2025 el TPI emitió y notificó la orden siguiente, NO HA LUGAR POR SER CONTRARIO A DERECHO.

## I

Inconforme el peticionario presentó este recurso en el que alega que el foro primario cometió los siguientes errores:

Erró el Honorable Tribunal de Primera Instancia de Carolina, al denegar la moción de Reconsideración así de mi acceso adecuado y efectivo a los Tribunales de Justicia en violación al debido proceso de ley.

Erró el Honorable Tribunal de Primera Instancia de Carolina, al denegar la moción de reconsideración sin explicar por qué la denegó.

**II**

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir los casos y controversias ante su consideración. Cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. *Greene, el als v. Biase, el als* 2025 TSPR 83; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 2 et seq., autoriza al Tribunal de Apelaciones a conocer, entre otros, mediante auto de Certiorari, expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b). Por su parte, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones[1] reitera la autoridad para revisar cualquier resolución, orden o dictamen del Tribunal de Primera Instancia. Para lo cual, el peticionario deberá presentar el recurso en el término de treinta días. Este término de cumplimiento estricto comienza a partir de la fecha del archivo en autos de copia de la notificación de la determinación recurrida. El Tribunal de Apelaciones puede denegar a iniciativa propia un auto discrecional presentado fuera del término de cumplimiento estricto dispuesto por ley, si no se demostró justa causa para el incumplimiento. Reglas 83 (B) (2) y 83 (C) del Reglamento del Tribunal de Apelaciones.

**III**

El peticionario solicita que revisemos una determinación notificada por el Tribunal de Primera Instancia el 11 de agosto de 2025. No obstante, presentó su recurso el 30 de

---

[1] In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 ___(2025).

septiembre de 2025, vencido el término de estricto cumplimiento de treinta días y tampoco demostró justa causa para incumplir con el término de presentación. Su incumplimiento nos priva de jurisdicción y nos obliga a desestimar el recurso. Cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en éste, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). Un recurso tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.

**IV**

Por haber presentado el recurso tardíamente sin justa causa se desestima por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones