ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI[1]

| | | |
|---|---|---|
| CONTINENTAL LORD INC. Apelado<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE MOROVIS Apelante | TA2025AP00157 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Número: AR2025CV00271<br><br>Sobre: Sentencia Declaratoria; Arbitrios de Construcción |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de septiembre de 2025.

Comparece ante esta Curia el Municipio Autónomo de Morovis (Municipio) y solicita la revocación de la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario) notificó, el 22 de mayo de 2025. En ella, el foro primario dictaminó que la exención del pago de arbitrios de construcción municipal otorgada a la Autoridad de Energía Eléctrica (AEE) es extensiva a su contratista, Continental Lord, Inc. (Continental).

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado, por haber sido emitido sin jurisdicción. Veamos.

**I.**

El 27 de junio de 2024, la AEE contrató a Continental para el reemplazo de postes y alumbrado público existente, durante el término de un (1) año. Relacionado a tales trabajos, el 14 de enero de 2025, el Municipio notificó a Continental una factura por la

---

[1] DJ 2025-063.

cantidad de $139,378.73, en cobro de los arbitrios de construcción aplicables bajo la Ley Núm. 107-2020, Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.*

En reacción, Continental argumentó que las labores realizadas a favor de la AEE no están sujetas a arbitrios de construcción, por virtud de la exención que le otorga a la AEE la Sección 22(a) de la Ley Núm. 83 de 2 de mayo de 1941, Ley de la Autoridad de Energía Eléctrica de Puerto Rico, 22 LPRA sec. 191 *et seq.* Sin embargo, en aras de recibir el endoso del Municipio para poder iniciar los trabajos, Continental sufragó los referidos arbitrios bajo protesta, el 15 de enero de 2025, a tenor del Artículo 2.110(c)(2) del Código Municipal, 21 LPRA sec. 7332(c)(2). En cumplimiento con lo dispuesto en el inciso (d) del citado Artículo, además instó un petitorio de reconsideración ante el Director de Finanzas del Municipio, en el cual, solicitó el reembolso de los arbitrios de construcción sufragados bajo protesta, por entender que le aplica la exención que cobija a la AEE.

Así las cosas y sin que el Director de Finanzas adjudicara el petitorio de reconsideración y notificara su determinación final, Continental instó ante el TPI la presente demanda sobre sentencia declaratoria en contra del Municipio. En ella, solicitó el reembolso de los arbitrios de construcción pagados, sustentado en los mismos fundamentos expuestos en su solicitud de reconsideración ante el Municipio.

Transcurrido el plazo correspondiente sin que el Municipio acreditara su alegación responsiva, y tal cual solicitó Continental, el TPI anotó la rebeldía al Municipio, dio por admitidas las alegaciones de la demanda y dictó la *Sentencia* aquí impugnada. Dictaminó que, la exención del pago de arbitrios de construcción es extensiva y aplicable a Continental, por lo cual, ordenó al Municipio devolver a Continental la suma pagada por este concepto.

Inconforme, el Municipio acude ante este Tribunal mediante el recurso de epígrafe y señala la comisión de tres (3) errores:

> Err[ó] el Tribunal de Primera Instancia al dictar sentencia en rebeld[í]a sin imponerle primero medidas menos dr[á]sticas y/o severas[.]
>
> Err[ó] el Tribunal de Primera Instancia al dictar sentencia sin tener jurisdicci[ó]n sobre la materia[.]
>
> Err[ó] el Tribunal de Primera Instancia al extender la exenci[ó]n [del] pago de arbitrios de construcci[ó]n que permite la ley a la AEE, a un contratista privado[.]

Vencido el término que dispone la Regla 22 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas, Reglamento TA,* 2025 TSPR 42, y tal cual advertimos en nuestra *Resolución,* notificada el 15 de agosto de 2025, procederemos a resolver sin el beneficio de la comparecencia de Continental.

## II.

### A. El Código Municipal y la revisión judicial

El Artículo 1.050 del Código Municipal, 21 LPRA secs. 7081, delimitó la competencia del Tribunal de Primera Instancia y del Tribunal de Apelaciones al revisar las actuaciones de los municipios que lesionan derechos constitucionales o que son contrarias a las leyes. En específico, respecto a las facultades del foro de instancia dispone lo siguiente:

> El Tribunal de Primera Instancia de Puerto Rico entenderá y resolverá, a instancias de la parte perjudicada, sobre los siguientes asuntos:
> (a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.
> (b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Legislatura Municipal, del Alcalde o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución de Puerto Rico o por las leyes estatales.
> (c) [...]
> (d) [...]
> (e) [...]
> (f) [...]
>
> En los casos contemplados en los incisos (a), (b), (c) y (d) de este Artículo, la acción judicial solo podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado, o que la ordenanza o resolución se haya radicado en el Departamento de Estado, de conformidad con el Artículo 2.008 de este

Código, o el acuerdo u orden se haya notificado por el Alcalde o funcionario municipal autorizado a la parte querellante, por escrito, mediante copia por correo certificado con acuse de recibo o envío por correo electrónico, previamente acreditado bajo juramento a la Junta de Subastas por el licitador a menos que se disponga otra cosa por ley.

**Disponiéndose, que el término de veinte (20) días establecido en este Artículo comenzará a decursar a partir del depósito en el correo de dicha notificación o envío de correo electrónico; y que la misma deberá incluir, pero sin ser limitativo, el derecho de la parte afectada a recurrir al Tribunal de Primera Instancia, Sala Superior competente; término para apelar la decisión; fecha del archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término**. […] (Énfasis nuestro.)

Sobre este asunto, el Alto Foro resolvió en *Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394, 409 (2001) que, la notificación del Municipio que activa el plazo para solicitar revisión judicial es aquella decisión administrativa de carácter final, que advierte el término para recurrir ante el Tribunal de Primera Instancia.

Pertinente al caso de marras, cuando un contribuyente realiza el pago de contribución bajo protesta, el Artículo 2.110(d), *supra,* exige que presente un escrito de reconsideración ante el Director de Finanzas. Este, a su vez, tendrá un término de diez (10) días para emitir un dictamen final -sobre el arbitrio re computado, la deficiencia o el crédito-, el cual notificará por correo certificado o personalmente, con acuse de recibo en ambos casos.

En cuanto al proceso de revisión judicial de la determinación **final** del Director de Finanzas, el Artículo 2.110(e) del Código Municipal, 21 LPRA sec. 7332(e), provee al contribuyente veinte (20) días, contados desde su notificación, para radicar su recurso de revisión, de conformidad con lo establecido en el Artículo 1.050 antes citado.

## B. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre

el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). **Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración**. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

### III.

En su recurso, el Municipio solicita nuestra intervención para que dejemos sin efecto la *Sentencia* del foro primario que le ordena devolver a Continental $139,378.73. Argumenta que, el TPI actuó sin jurisdicción, previo a que el Municipio adjudicara la solicitud de reconsideración de Continental. Discute que, la exención del pago de arbitrios no es extensiva a Continental. Cuestiona, además, la anotación de la rebeldía que impuso el foro primario sin antes

emplear mecanismos menos onerosos para acelerar la tramitación del caso.

Antes de ejercer nuestra función revisora, precisa que auscultemos si gozamos de jurisdicción para entender sobre la presente causa. Según expusimos en el tracto procesal, Continental pagó los arbitrios que el Municipio le notificó, bajo protesta y, oportunamente, instó ante el Director de Finanzas una solicitud de reconsideración, tal cual lo exige la normativa aplicable. Sin embargo, antes de que el Municipio emitiera un dictamen final que adjudique su petitorio de reconsideración, Continental reclamó ante el foro primario el recobro de tales arbitrios.

Como se sabe, hasta tanto el Director de Finanzas del Municipio no resuelva la moción de reconsideración pendiente ante sí, de conformidad con el Artículo 2.110(d), *supra,* y notifique una determinación final a esos efectos, retiene jurisdicción sobre dicho asunto. Entiéndase que, Continental acudió de forma prematura ante el foro judicial. En su consecuencia, el TPI actuó sin jurisdicción al emitir el pronunciamiento apelado previo a que el Municipio emitiera y notificara un dictamen final revisable que adjudicara propiamente el escrito de reconsideración de Continental.

En virtud de los fundamentos esbozados, resolvemos que la *Sentencia* apelada resulta inoficiosa. En su consecuencia, la revocamos y devolvemos este asunto al foro municipal para que atienda la solicitud de reconsideración pendiente ante sí. El segundo error señalado se cometió. En atención al asunto jurisdiccional prioritario, resulta innecesario atender los restantes señalamientos de error.

**IV.**

Por las razones que anteceden, revocamos la *Sentencia* recurrida, por haber sido emitido sin jurisdicción. Devolvemos el

presente asunto al foro municipal para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones