ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MICHAEL BRUNELLE CURET<br><br>Recurrido<br><br>v.<br><br>CARMEN RIVERA ZAMBRANA, CARLOS JOSÉ PALLENS FELICIANO, SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR CARLOS JOSÉ PALLENS FELICIANO Y SU ESPOSA CARMEN RIVERA ZAMBRANA<br><br>Peticionarios | TA2025CE00557 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: PO2022CV02348<br><br>Sobre:<br><br>Incumplimiento de Contrato |

Panel integrado por su presidenta, la jueza Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 7 de octubre de 2025

Comparece ante nos, Carlos José Pallens Feliciano ("señor Pallens Feliciano"), su esposa Carmen Matilde Rivera Zambrana y la Sociedad Legal de Bienes Gananciales compuesta por ambos, en adelante, en conjunto, ("los peticionarios."). A los fines de solicitar nuestra intervención, para que dejemos sin efecto la determinación intitulada *"Orden (Entrada 255),"* notificada el 2 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante esta, en lo atinente, el foro primario declaró *No Ha Lugar* la solicitud de desestimación de la demanda enmendada por prescripción, presentada por los peticionarios. Todo, dentro de un pleito civil instado por Michael Brunelle Curet, en lo sucesivo ("el recurrido").

Por los fundamentos que expondremos a continuación, *desestimamos* por prematuro el recurso de *certiorari* presentado y declaramos *No Ha Lugar* la *"Urgente Moción en Auxilio de Jurisdicción."*

**I.**

El pleito ante nos tiene su origen en la *"Demanda,"* presentada por el recurrido, el día 23 de agosto de 2022.[1] En síntesis, la referida parte indicó que suscribió junto al señor Pallens Feliciano un acuerdo de compraventa cuyo objeto contractual fue la enajenación de unos motores. Sin embargo, aseveró que los motores vendidos son inservibles para el uso al que fueron destinados. Es por ello, que entabló una acción de incumplimiento de contrato bajo el argumento de que el señor Pallens Feliciano actuó de mala fe y dolosamente. A su vez, reclamó saneamiento por vicios ocultos. Además, peticionó una indemnización en daños y perjuicios y el pago de honorarios de abogado.

Por su parte, el 14 de noviembre de 2022, los peticionarios presentaron *"Contestación a la Demanda."* En esencia, negaron las alegaciones principales de dicha *"Demanda."* Sostuvieron en la afirmativa, que se cumplieron los términos contractuales según pactados; que los motores estaban en buenas condiciones; y que éstos fueron revisados por dos (2) mecánicos. En virtud de lo expuesto, aseveraron que son improcedentes las acciones instadas por el recurrido.

Tras varios trámites procesales impertinentes a la controversia ante nuestra consideración, el 29 de agosto de 2025, los peticionarios presentaron *"Moción para dejar en suspenso notificación de informe de conferencia entre abogados; autorizar descubrimiento de prueba al demandante por contestaciones incorrectas de la reconvención radicada y el tribunal no tiene jurisdicción para ver este caso por estar prescrita la demanda radicada."* En lo atinente, arguyeron que la acción de saneamiento por vicios ocultos había prescrito. Sobre el particular, alegaron que este tipo de acciones deben ser instadas en el término de seis (6) meses a partir de la entrega de la cosa y que el reclamo del recurrido incumplió con el referido plazo. Especificaron, que la entrega de

---

[1] Es meritorio señalar, que el 29 de agosto de 2024, el recurrido presentó *"Moción Solicitando para Enmendar Alegaciones y/o Demanda,"* a los efectos de establecer ciertas actuaciones del señor Pallens Feliciano que entiende que no son cónsonas con las especificaciones del manufacturero de los motores en cuestión. En la misma fecha, el tribunal admitió la enmienda a la *"Demanda."*

los motores se efectuó el 17 de agosto de 2020 y que la reclamación del recurrido surgió el 20 de mayo de 2022, lo que resulta en una acción a su entender prescrita. Al amparo de los anteriores fundamentos, solicitaron que el foro primario desestimara la demanda enmendada por carecer de jurisdicción para evaluar sus méritos.

En atención de la moción presentada, el 2 de septiembre de 2025, el foro primario notificó la *"Orden (Entrada 255)"* que hoy nos ocupa. En lo pertinente, declaró *No Ha Lugar* la solicitud de desestimación presentada por los peticionarios.

Así las cosas, el 30 de septiembre de 2025, los peticionarios presentaron "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden."* Aseveraron, que su representante legal no se enteró a tiempo de la notificación de la *"Orden (Entrada 255),"* debido a que tenía problemas con su correo electrónico. Además, indicaron que ésta no advino en conocimiento de dicha Orden hasta el 26 de septiembre de 2025 cuando revisó los expedientes del caso en las instalaciones del foro recurrido. En cuanto a los méritos de la petición, argumentaron que la *"Orden (Entrada 255)"* se debía dejar sin efecto por ser contraria a derecho y carecer de fundamentos legales para su procedencia. Ante ello, solicitaron al foro primario que declarara que la reclamación de saneamiento por vicios ocultos prescribió.

Al examinar el escrito presentado por los peticionarios, el 1 de octubre de 2025, el foro primario le concedió al recurrido un término de quince (15) días para que expusiera su posición en cuanto a la "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden."*

Antes de que el recurrido expresara su posición, el 3 de octubre de 2025,[2] los peticionarios presentaron un recurso de *certiorari* ante este Tribunal. Mediante este esbozaron el siguiente señalamiento de error:

---

[2] Cabe señalar, que el 4 de octubre de 2025, los peticionarios presentaron *"Moción Informativa."* Argumentaron, que en realidad presentaron el recurso de *certiorari* y la *"Urgente Moción en Auxilio de Jurisdicción"* el 2 de octubre de 2025. Sin embargo, efectuaron dicha presentación mediante entrega física y no por el Sistema Unificado de Manejo y Administración de Casos (SUMAC), por lo que luego de ser notificados, al día siguiente realizaron la presentación electrónica.

> Incidió el TPI de Ponce al desestimar la causa de acción de prescripción [sic] cuando estaba prescrita por no hacer gestión alguna dentro de los 6 meses de la entrega de los motores y no desde la última gestión como indica el TPI el tribunal se abrogó jurisdicción donde no la tiene.

En la misma fecha, presentaron *"Urgente Moción en Auxilio de Jurisdicción."* Mediante esta, reiteraron los argumentos esbozados en el recurso de *certiorari.*[3]

## II.

## Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester

---

[3] Es meritorio mencionar que el 6 de octubre de 2025, el foro recurrido notificó una *"Orden"* en la que expuso las siguientes expresiones: "En deferencia a la solicitud de Certiorari presentada por la parte demandada, el Tribunal esperará a la determinación del Honorable Tribunal de Apelaciones, de si acoge o no el recurso presentado."

resaltar que la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR ___ (2025), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

Los peticionarios recurren de la *"Orden (Entrada 255)"* notificada el 2 de septiembre de 2025. A través del recurso de epígrafe solicitan que se revoque la referida Orden a los efectos de que se declare prescrita la causa de acción de saneamiento por vicios ocultos, presentada por el recurrido. No obstante, nos abstenemos de entrar en los méritos de la solicitud de los peticionarios por haberse presentado el auto de *certiorari* prematuramente. Los fundamentos que nos llevan a dicha abstención se esbozaran a continuación.

Surge del relato procesal ante expuesto, que luego de notificada la determinación recurrida, los peticionarios presentaron el día 30 de septiembre de 2025 una "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden."* A través de esta, explicaron las razones por las cuales no advinieron en conocimiento de la *"Orden (Entrada 255)"* el mismo día que fue notificada. A su vez, peticionaron que se dejara sin efecto la denegatoria a su solicitud de desestimación de la demanda enmendada por prescripción. A pesar de que su moción se presentó transcurridos los quince (15) días para presentar una petición de reconsideración, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, establece que el término para presentar mociones de reconsideración de ordenes o resoluciones es de estricto cumplimiento y no jurisdiccional.

Aclarado lo anterior, cabe señalar que, el foro recurrido no denegó de plano la "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden,"* sino que el 1 de octubre de 2025, le concedió al recurrido un término de quince (15) días para exponer su posición. Así las cosas, antes de que el recurrido presentara su postura y antes de que expirara el

término concedido, el 3 de octubre de 2025, los peticionarios presentaron el recurso de epígrafe. Evidentemente el proceder de los peticionarios es uno a destiempo, toda vez que presentaron un auto de *certiorari* para que se deje sin efecto parte de la *"Orden (Entrada 255),"* sin que se haya adjudicado finalmente la "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden."* Por consiguiente, el recurso de epígrafe adolece de presentación prematura debido a que el foro primario no ha decidido finalmente si deja sin efecto o mantiene en vigor la parte de la *"Orden (Entrada 255)"* dirigida al reclamo de saneamiento por vicios ocultos. De otra parte, declaramos *No Ha Lugar* la *"Urgente Moción en Auxilio de Jurisdicción."*

Es meritorio resaltar, que la presente determinación no prejuzga los méritos del asunto en controversia. Entiéndase por lo anterior, que la desestimación del recurso de epígrafe no incide en la adjudicación final de la "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden."* Nuestro dictamen únicamente se limita a declarar nuestra falta de jurisdicción ante la presentación prematura de un auto de *certiorari.* Es por ello, que la adjudicación de la "*Moción de Relevo de Orden (Entrada 255) y/o Resolución de Orden*," y con esto la procedencia de la desestimación peticionada, quedan pendientes ante la consideración del foro primario. Luego de que el referido foro cumpla con su labor adjudicadora, la parte afectada podrá presentar cualquiera de los recursos reglamentarios disponibles, si así lo estima, para impugnar la determinación que en su día se emita.

**IV.**

Por los fundamentos expuestos, desestimamos al amparo de la Regla 83, *supra* el presente auto de *certiorari* por haberse presentado prematuramente. Además, declaramos *No Ha Lugar* la *"Urgente Moción en Auxilio de Jurisdicción."*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Salgado Schwarz concurre con la determinación con las siguientes expresiones:

> "Este Juez entiende, que aunque no tenemos jurisdicción para atender el recurso, es por irremediablemente tardío y no por prematuro. La representación legal del Peticionario, consciente de que se le había pasado el término de solicitar reconsideración, descansó sus esperanzas en una solicitud de relevo de orden, basada en la Regla 49.2 de las Reglas de Procedimiento Civil. El hecho de que el Juez del TPI la "acogiera" y diera término a la otra parte para expresarse, no le provee respiración artificial al reclamo como "reconsideración", mucho menos al recurso para hacerlo prematuro.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones