Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| D C VERRENGIA<br><br>Recurrida<br><br>v.<br><br>JUSTIN ANTHONY VERRENGIA<br><br>Peticionario | TA2025CE00611 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022RF00483<br><br>Sobre: Custodia/Pensión Excónyuge/ Alimentos |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Alvarez Esnard y la jueza Díaz Rivera

**Brignoni Mártir, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece ante nos, por derecho propio, Justin Anthony Verrengia, (en adelante, "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución"* emitida el 6 de octubre de 2025 y notificada el 7 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Todo, dentro de un pleito civil, sobre custodia, alimentos de menor y pensión excónyuge, instado por DC Verrengia (en adelante, "la recurrida").

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado.

En apretada síntesis, el 23 de marzo de 2022, la recurrida instó una *"Demanda.*" Mediante esta, peticionó, entre otros remedios, la custodia exclusiva de su hija menor; el establecimiento de un plan de relaciones paternofiliales; la concesión de una pensión alimentaria a favor de la menor; y el establecimiento de una pensión excónyuge a su favor.

El 20 de mayo de 2022, el peticionario, por conducto de una abogada, presentó *"Contestación a Demanda y Reconvención."* En lo atinente a la alegación responsiva, negó que fuera en beneficio de la menor que se estableciera una custodia monoparental y sostuvo que la recurrida tiene capacidad económica para proveerse su propio sustento.

Tras varias incidencias procesales que no son necesarias de pormenorizar, el 18 de agosto de 2025, el peticionario presentó *"Moción para Terminación de Representación legal, Entrada de Comparecencia Pro Se, y Solicitud de Interprete Designado por el Tribunal."* En lo pertinente, indicó su intención de representarse por derecho propio debido a las divergencias de criterio que mantenía con su entonces abogado.

En la misma fecha, el foro primario notificó una *"Orden"* a través de la cual le concedió al peticionario un termino de treinta (30) días para que anunciara una nueva representación legal. La referida *"Orden"* fue reiterada por el foro primario en fecha de 11 de septiembre de 2025. Posteriormente, el 30 de septiembre de 2025, el foro primario notificó un señalamiento de vista a los fines de auscultar la capacidad del demandado para representarse por derecho propio.

Celebrada la vista, el 7 de octubre de 2025, el foro primario notificó la *"Resolución"* que hoy es objeto de revisión. Mediante esta, no autorizó la solicitud del peticionario para auto-representarse. En consecuencia, le concedió a éste un nuevo término de treinta (30) días para que anunciara una representación legal.

En desacuerdo, oportunamente el 10 de octubre de 2025, el peticionario presentó *"Moción de Reconsideración de la Orden del 7 de octubre de 2025 (ENTRADA 584)."*

Antes de que fuera adjudicada la moción de reconsideración, el 14 de octubre de 2025, el peticionario compareció ante este Tribunal mediante un recurso intitulado *"Solicitud de Suspensión de Emergencia."* Mediante este, solicitó una serie de remedios, entre los que se encuentra

el siguiente: "Que **emita una suspensión administrativa breve** de la **Orden del 7 de octubre de 2025 (Entrada 584), efectiva de inmediato y mientras esta moción esté bajo consideración,** y que posteriormente **emita una suspensión pendiente de la revisión apelativa**[.]"

Acto seguido, el 15 de octubre de 2025, el foro primario notificó una *"Resolución Interlocutoria."* A través de esta, declaró *No Ha Lugar* la *"Moción de Reconsideración de la Orden del 7 de octubre de 2025 (ENTRADA 584)."*

**II.**

**A.     Jurisdicción y Presentación de Recursos a Destiempo:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE,* 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester

resaltar que la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 105-116, 215 DPR ___ (2025), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B.      Auxilio de Jurisdicción**:

Una solicitud en auxilio de jurisdicción "es un remedio provisional que está predicado en la facultad inherente que tiene todo tribunal para estructurar remedios que protejan su jurisdicción y eviten un fracaso de la justicia." *Pantoja Oquendo v. Mun. de San Juan*, 182 DPR 101, 108-109 (2011). Se trata también de un remedio en equidad cuya procedencia recae en la sana discreción de los tribunales. *García López y otros v. E.L.A.*, 185 DPR 371, 377 (2012). Las ordenes provisionales que se pueden emitir en virtud de un auxilio de jurisdicción tienen el propósito de paralizar los efectos de una decisión recurrida o de evitar alguna consecuencia adversa que pueda causar daño sustancial a una de las partes mientras el tribunal resuelve los méritos de un recurso presentado. *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 654 (2008).

Las solicitudes de auxilio de jurisdicción que se presenten ante el Tribunal de Apelaciones deberán cumplir con el Reglamento del foro apelativo. En específico, la parte peticionaria deberá observar lo establecido en la Regla 79 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 42, pág. 109-110, 215 DPR ____ (2025). Dicha regla lee en lo atinente como sigue:

> (A) **Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional,** la cual será obligatoria para las partes en la acción, sus oficiales, agentes, empleados, empleadas, abogados y abogadas, y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. Dichas órdenes se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil, las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y, en lo que no fuere incompatible con aquellas, se regirán también por estas reglas. (Énfasis Suplido).
>
> [...]

**III.**

El peticionario recurre de una resolución interlocutoria notificada el 7 de octubre de 2025 por el foro primario. Según surge del relato procesal antes reseñado, el 10 de octubre de 2025, el peticionario solicitó al referido foro que reconsiderara la decisión notificada el 7 de octubre de 2025. Sin embargo, previo a que el tribunal de instancia adjudicara la solicitud de reconsideración, el peticionario compareció ante este Tribunal mediante un recurso intitulado *"Solicitud de Suspensión de Emergencia."* Dicho recurso fue presentado el 14 de octubre de 2025. Cabe señalar, que el propio peticionario reconoce que a la presentación del aludido recurso todavía estaba pendiente ante la consideración del foro primario la solicitud de reconsideración. La adjudicación de la moción de reconsideración fue finalmente notificada a las partes en fecha de 15 de octubre de 2025.

La regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, es clara al establecer lo siguiente:

> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

De manera que, la *"Moción de Reconsideración de la Orden del 7 de octubre de 2025 (ENTRADA 584),"* presentada por el peticionario interrumpió el término para recurrir ante esta Curia hasta que el tribunal de instancia considerara la misma. Es por ello, que el recurso del peticionario adolece de ser uno a destiempo, por presentarse antes de que los términos para recurrir comenzaran nuevamente a decursar.

De otra parte, es menester señalar que el recurso instado ante este Tribunal y denominado como *"Solicitud de Suspensión de Emergencia"* tampoco cumple con los requisitos reglamentarios aplicables para considerarse como un auxilio de jurisdicción. De la referida solicitud surge que el peticionario pretende simultáneamente cuestionar la *"Resolución"* notificada el 7 de octubre de 2025 y solicitar la suspensión de los procesos ante el foro primario. Particularmente, peticiona la posposición

de la vista a celebrarse el 30 de octubre de 2025 y "una suspensión pendiente de la revisión apelativa." Conforme surge del expuesto marco doctrinal, una moción en auxilio de jurisdicción es un remedio provisional a través del cual se solicita la paralización de los efectos de la decisión recurrida mientras esta Curia resuelve los méritos de un recurso presentado. Entiéndase por ello, que el auxilio de jurisdicción es una petición que acompaña y es accesoria al recurso que se radica. No es una petición que se pueda presentar sin el acompañamiento principal de un recurso.

Así pues, de ser la intención del peticionario solicitar el auxilio de este Tribunal, debía presentar una solicitud individual a esos efectos que cumpliera cabalmente con la Regla 79 del Tribunal de Apelaciones, *supra*. Simultáneamente, debía presentar en tiempo un recurso con señalamientos de error mediante los cuales fundamentara su solicitud. Ante ello, desestimamos el recurso presentado por el peticionario por ser uno prematuro y por incumplir con los requisitos de nuestro Reglamento para el debido perfeccionamiento de un recurso que se acompaña con una petición en auxilio de jurisdicción.

Es necesario destacar que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales." *Febles v. Romar,* 159 DPR 714, 722 (2003).

**IV.**

Por los fundamentos que anteceden y al amparo de la Regla 83, supra *desestimamos* el recurso de epígrafe.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones