Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| TRADING PLACES COMPANY, INC.<br><br>Recurrente<br><br>v.<br><br>TRADING SPACES PR, INC.<br><br>Recurrido | TA2025RA00232 | REVISIÓN JUDICIAL Procedente del Departamento de Estado<br><br>Número de Registro: 162300<br><br>Sobre: Impugnación de Nombre Corporativo |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece ante nos Trading Places Company, Inc. ("Trading Places" o "Recurrente") mediante *Solicitud de Revisión Judicial* presentada el 15 de septiembre de 2025. Nos solicita la revocación de la *Resolución Final* emitida y notificada el 7 de julio de 2025 por el Departamento de Estado ("Departamento" o "agencia"). Por virtud del aludido dictamen, la agencia acogió el *Informe y Recomendación del Oficial Examinador*, el cual concluyó que procedía denegar y desestimar la acción de impugnación de nombres corporativos instada por la Recurrente, toda vez que los nombres en cuestión no eran idénticos y podían coexistir.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

### I.

Conforme surge del expediente ante nos, el 2 de junio de 2025, Trading Places presentó un documento intitulado *Objection to Reserved Name "Trading Spaces PR Inc." – Conflict with Existing Registered Business "Trading Places Co., Inc."* ante el

Departamento.[1]  Por virtud de este escrito, la Recurrente solicitó que se revocara o se denegara el registro de una corporación llamada Trading Spaces PR Inc.  Adujo en su escrito que la razón para ello obedecía, a que dicho nombre era conflictivo, pues podría generar confusión en el público.  Se desprende del expediente que, el 21 de junio de 2025, Trading Spaces PR presentó un escrito en el que se opuso a la impugnación.

Tras evaluar los argumentos de ambas partes, el 24 de junio de 2025, el Oficial Examinador, Lcdo. Rubén Santiago Olivo ("Oficial Examinador"), emitió *Informe y Recomendación del Oficial Examinador*.[2]  Por virtud de este, el Oficial Examinador formuló las siguientes determinaciones de hecho:

1. Trading Places Company, número de registro 162300, es una corporación doméstica con fines de lucro que se incorporó el 23 de mayo de 2006.
2. Trading Spaces PR, presentó reserva de nombre el 22 de mayo de 2025 a las 4:35 pm y fue aprobado por un término de 120 días, los cuales vencen el 19 de septiembre de 2025.
3. El 2 de junio de 2025 Trading Places Company presentó su escrito de impugnación, alegando que el nombre Trading Spaces PR, causa confusión e induce a engaño o confusión en cuanto al verdadero ente corporativo a que corresponde.
4. El 21 de junio de 2025 Trading Spaces PR presentó oportunamente respuesta al escrito de impugnación y alegó que Fede es un término diferente a Federación y que por ende su nombre corporativo es distinguible.[3]

Cónsono con estas determinaciones de hecho, el Oficial Examinador concluyó que el único término similar entre ambas compañías era la palabra "Trading", la cual es un término descriptivo.  Determinó que ambas entidades tienen otras palabras en su nombre que las distinguen registralmente.  Abundó que "la ley solamente requiere poder distinguir el nombre para efectos del Registro de Corporaciones".[4]  Por tanto, recomendó denegar y

---

[1] Véase, SUMAC TA, Entrada 1, Apéndice 1.
[2] Véase, SUMAC TA, Entrada 1, Apéndice 2, pág. 1.
[3] Véase, SUMAC TA, Entrada 1, Apéndice 2, pág. 2.
[4] Véase, SUMAC TA, Entrada 1, Apéndice 2, pág. 5.

desestimar la impugnación, pues los nombres corporativos no son idénticos y pueden coexistir.

Posteriormente, el 7 de julio de 2025, la agencia emitió *Resolución Final* mediante la cual acogió como suya la recomendación del Oficial Examinador y, en consecuencia, ordenó "la denegación y desestimación de la impugnación del nombre corporativo porque los nombres no son idénticos y pueden coexistir".[5]

Así las cosas, el 15 de septiembre de 2025, la Recurrente compareció ante este Tribunal de Apelaciones mediante la presentación del recurso de epígrafe. Sin embargo, al examinar el recurso, esta Curia se percató que faltaban ciertos documentos en el apéndice, particularmente, la moción de reconsideración instada por la Recurrente. Por consiguiente, en aras de auscultar nuestra jurisdicción, el 18 de septiembre de 2025, se le concedió a la Recurrente hasta el 3 de octubre de 2025 para que completara el apéndice. Llegada la fecha, Trading Places sometió nuevamente el escrito de revisión judicial sin especificar la fecha en que se presentó la solicitud de reconsideración. Asimismo, si bien la Recurrente adujo que incluyó la solicitud de reconsideración en el apéndice, al evaluar el mismo, no se encontraba en el archivo sometido ante esta Curia. En vista de lo anterior, el 7 de octubre de 2025, emitimos *Resolución* en la que le concedimos a la Recurrente un término de tres (3) días para presentar la moción de reconsideración instada ante el Departamento. En cumplimiento con nuestra orden, el 8 de octubre de 2025, la Recurrente sometió el documento solicitado.

Así las cosas, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de

---

[5] Véase, SUMAC TA, Entrada 1, Apéndice 2, pág. 6.

los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho".

## II.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración, pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Mun. Río Grande v. Adq. Finca et al.,* 215 DPR __ (2025), 2025 TSPR 36, pág. 10, citando a *Pérez Soto v. Cantera Pérez, Inc., et al.,* 188 DPR 98, 105 (2013). Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. *Greene, et als. v. Biase et als.,* 216 DPR __ (2025), 2025 TSPR 83, pág. 8. Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando "un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos". *Íd.*

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101-102 (2020) (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE*, 215 DPR __ (2024), 2024 TSPR 140, pág. 18 (citas omitidas).

### B. *Estándar de Revisión Judicial de Determinaciones Administrativas*

"Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado". *Katiria's Café v. Mun. de San Juan*, 215 DPR ___ (2025), 2025 TSPR 33, pág. 10. Las determinaciones de una agencia administrativa gozan de una presunción de legalidad y corrección. *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR ___ (2024), 2024 TSPR 82, pág. 15. Al evaluar una determinación administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Otero Rivera v. USAA Fed. Savs. Bank.*, 214 DPR ___ (2024), 2024 TSPR 70, pág. 9.

Ahora bien, en cuanto las determinaciones de derecho, nuestra más Alta Curia en *Vázquez et al v. DACo*, 215 DPR ___ (2025), 2025 TSPR 56, incorporó la doctrina discutida en *Loper Bright Enterprises v. Raimondo*, ___ U.S. ___, 144 S.Ct. 2244, 219

L.Ed.2d 832 (2024), en cuanto a que los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua. En aquella ocasión, nuestro Máximo Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales" por lo cual enfatizó que, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos". *Íd.*, pág. 32.

Por otra parte, la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*, Ley Núm. 37 del 30 de junio de 2017, 3 LPRA sec. 9601 *et seq.,* ("LPAU"), es el cuerpo de normas que rige de manera uniforme los procesos concernientes a la revisión judicial. *OAM v. Abarca Health,* 215 DPR ___ (2025), 2025 TSPR 23, pág. 11. En lo pertinente, la Sección 3.15, 3 LPRA sec. 9655, establece los términos concernientes a la solicitud de reconsideración que ha de presentarse previo acudir en alzada mediante revisión judicial. Véase, *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.*, 216 DPR ___ (2025), 2025 TSPR 92, pág. 7. Así pues, la aludida sección dispone:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.

**III.**

Como cuestión de umbral, nos corresponde examinar nuestra jurisdicción, para así poder atender los méritos del recurso presentado por la Recurrente.

No existe controversia respecto a que la *Resolución Final* recurrida emitida por el Departamento se notificó el **7 de julio de 2025**.[6] Por tal motivo, conforme lo establece la LPAU y el apercibimiento contenido en la *Resolución Final* recurrida, Trading Places tenía **veinte (20) días**, contados a partir de la notificación de la resolución para presentar una solicitud de reconsideración. En ese sentido, la Recurrente tenía hasta el **domingo, 27 julio de 2025,** para presentar su reconsideración. No obstante, al este día ser un domingo y el lunes ser feriado, el término se extendió hasta el martes, **29 de julio de 2025**.[7]

Ante este cuadro, Trading Places presentó *Moción de Reconsideración*.[8] Dicha moción contiene la siguiente expresión: "RESPETUOSAMENTE SOMETIDA. En San Juan, Puerto Rico, a **28 de julio de 2025**" (Énfasis nuestro). Ahora bien, conforme sostiene la propia Recurrente, el Departamento no emitió respuesta alguna ante la presentación de la solicitud de reconsideración. En vista de ello, tal y como dispone la LPAU, "[l]a agencia dentro de los quince (15) días de haberse presentado dicha moción [de reconsideración] deberá considerarla. Si la rechazare de plano o **no actuare dentro de los quince (15) días**, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o **desde que expiren esos quince (15) días**, según sea el caso (Énfasis nuestro)." Cabe aclarar que el lenguaje previamente citado forma parte de la *Resolución Final* emitida.[9]

De esta forma, el Departamento contaba hasta el **martes, 12 de agosto de 2025,** para acoger la solicitud de reconsideración.

---

[6] En su escrito, la Recurrente expuso que "[l]a parte promovente recibió la resolución final el 7 de julio de 2025 y solicitó reconsideración de la misma". Véase, Anejo, SUMAC TA, Entrada 1.

[7] Véase el Memorando Especial Núm. 23-2024, emitido por la Oficina de Administración y Transformación de los Recursos Humanos del Gobierno de Puerto Rico, pág. 2, el cual dispone que el día de José Celso Barbosa, "por corresponder esta festividad a un domingo, se celebrará el lunes, 28 de julio de 2025".

[8] Véase, Anejo, SUMAC TA, Entrada 7.

[9] Véase, SUMAC TA, Entrada 1, Apéndice 2, pág. 7.

Al no actuar sobre ella, el término para acudir ante esta Curia comenzó a transcurrir desde el **13 de agosto de 2025**. Por consiguiente, la Recurrente contaba hasta el **jueves, 11 de septiembre de 2025,** para presentar el recurso de revisión judicial ante el Tribunal de Apelaciones. No empece lo anterior, la Recurrente compareció ante esta Curia el **lunes, 15 de septiembre de 2025**. Cabe resaltar que, conforme lo dispone la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, el término para acudir ante esta Curia mediante un recurso de revisión judicial **es jurisdiccional**. Cónsono con lo antes expuesto, es forzoso concluir que el recurso presentado por Trading Places se presentó de manera tardía, lo cual tiene el irremediable efecto de que esta Curia no ostente jurisdicción para atender el mismo.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones