ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CARLOS CÁCERES PIZARRO<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | TA2025RA00320 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: B-1240-25 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de diciembre de 2025.

Comparece ante nos, Carlos L. Cáceres Pizarro, por derecho propio*, in forma pauperis* (en adelante, "el recurrente"). A los fines de solicitar la revisión de dos (2) *"Respuesta al Miembro de la Población Correccional,"* emitidas los días 15 y 22 de agosto del año 2025, y notificadas el 4 de septiembre de 2025, por la División de Remedios del Departamento de Corrección y Rehabilitación (en lo sucesivo, "División de Remedios del DCR" o "DCR").

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado por haberse radicado tardíamente.

**I.**

El recurrente se encuentra confinado en el Complejo Correccional de Bayamón 501 en el que extingue una pena de reclusión. En lo concerniente, el 4 de agosto de 2025, presentó ante la División de Remedios del DCR una *"Solicitud de Remedio Administrativo."* Mediante esta, indicó que el área de cocina de la Institución Correccional no había tomado en consideración la renovación de su dieta a pesar de que se le

informó que sus pedidos dietéticos estaban vencidos. Ante ello, solicitó que se le ordenara al área de cocina el cumplimiento de sus deberes y el desistimiento de sus acciones alegadamente negligentes.

En consideración a la petición del recurrente, e**l 15 de agosto de 2025,** la División de Remedios del DCR **emitió** *"Respuesta al Miembro de la Población Correccional."* A través de esta, desestimó la "*Solicitud de Remedio Administrativo"* a razón de que el recurrente se había limitado a emitir opiniones. En específico, profirió la siguiente justificación desestimatoria: "[c]uando el MPC emite opiniones en su solicitud que no conlleve a remediar una situación de su confinamiento." Antes de ser notificada la referida respuesta, el 16 de agosto de 2025, el recurrente nuevamente presentó *"Solicitud de Remedio Administrativo."* Reiteró sus previos planteamientos e insistió que el área de cocina incurrió en negligencia, toda vez que él no había recibido su dieta renovada. Así las cosas, el **22 de agosto de 2025**, la División de Remedios del DCR emitió una nueva *"Respuesta al Miembro de la Población Correccional."* Por medio de esta, nuevamente se desestimó el petitorio del recurrente. Ambas respuestas fueron notificadas al recurrente en fecha de **4 de septiembre de 2025**.[1]

En desacuerdo, el 16 de septiembre de 2025, el recurrente presentó ante el tribunal de instancia una *"Solicitud Urgente."* A través de esta, peticionó la intervención del foro primario en aras de resolver sus aludidos reclamos relativos a la renovación y el servicio de su dieta. En atención de ello, el 6 de octubre de 2025, el tribunal de instancia notificó una *"Sentencia."* Mediante el referido dictamen, se declaró sin jurisdicción para adjudicar el remedio peticionado bajo el fundamento de que era un asunto de revisión judicial que le corresponde dilucidar al Tribunal de Apelaciones.

Así pues, el 27 de octubre de 2025, esta Curia recibió un recurso intitulado *"Moción de Recon(s)ideración,"* firmado por el recurrente en fecha

---

[1] Véase, "Anejo 1 Expediente D-1240-25," pág. 6 y "Anejo 2 Expediente B-1279-25," pág. 8 de la Entrada Núm. 5 de SUMAC del Tribunal de Apelaciones.

de 23 de octubre de 2025. A través de este recurso, la referida parte nuevamente levanta planteamientos dirigidos a la actualización de su dieta alimentaria.

Así las cosas, el 3 de noviembre de 2025, este Tribunal emitió y notificó una *"Resolución,"* mediante la cual se le concedió al DCR un término de treinta (30) días para presentar su alegato en oposición y la copia certificada del expediente administrativo del caso, de la cual se desprendieran las fechas de notificación de las *"Respuesta al Miembro de la Población Correccional,"* emitidas los días 15 y 22 de agosto del presente año.

Posteriormente, el 17 de noviembre de 2025, el recurrente presentó *"Moción en Solicitud de Auxilio."* Al siguiente día, esta Curia emitió y notificó una *"Resolución"* a través de la cual se declaró *No Ha Lugar* la petición presentada por el recurrente.

Por su parte, el 1 de diciembre de 2025, el DCR presentó *"Escrito en Cumplimiento de Resolución y Solicitud de Desestimación."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable al presente recurso.

**II.**

**A.      Jurisdicción y Presentación de Recursos a Destiempo:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos o controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83 (2025); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024). "Es por eso que la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia." *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Peerless Oil v. Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

En lo aquí concerniente, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007). Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Id.* Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, 189 DPR 877, 883 (2013); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

**B. Revisión Judicial:**

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante su consideración mediante un recurso de revisión judicial. Art. 4.001-4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, ("Ley de la Adjudicatura"), Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24t-24u. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico ("LPAU"), 3 LPRA sec. 9601 et. seq., y a tenor del Reglamento del foro apelativo.

En lo aquí pertinente, la sección 4.2 de la LPAU establece lo siguiente:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley,** cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis suplido). 3 LPRA sec. 9672.

De forma similar el Reglamento del Tribunal de Apelaciones establece lo siguiente: "El escrito inicial de revisión deberá ser presentado dentro **del término jurisdiccional de treinta días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia." (Énfasis suplido). Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 79, 215 DPR ____ (2025).

**III.**

El recurrente comparece ante este Tribunal a tenor de unos reclamos dirigidos a la dieta alimentaria que recibe en la Institución Correccional Bayamón 501. Antes de acudir a este Foro, los días 4 y 16 de agosto del año en curso, el recurrente presentó dos (2) solicitudes de remedio administrativo. Éstas fueron desestimadas en las fechas de 15 y 22 de agosto del año 2025. Ambas resoluciones desestimatorias fueron notificadas al recurrente el día 4 de septiembre de 2025, según surge de la documentación del expediente administrativo provisto a este Tribunal.

Inconforme con las resoluciones notificadas, el 16 de septiembre de 2025, el recurrente decidió comparecer ante el tribunal de instancia y no ante esta Curia. Es norma establecida, que las decisiones de las agencias administrativas, como las determinaciones del DCR que hoy nos ocupan, son revisables exclusivamente por el foro apelativo de conformidad al Artículo 4.002 de la Ley de la Judicatura, *supra* y a la sección 4.2 de la LPAU, *supra*. De manera que, la presentación de un recurso de revisión judicial ante cualquier otro tribunal no interrumpe el término jurisdiccional de treinta (30) días para comparecer ante este Foro Intermedio.

En este caso, el recurrente contaba con un término jurisdiccional de treinta (30) días para comparecer a este Tribunal y cuestionar las dos (2) *"Respuesta al Miembro de la Población Correccional"* **notificadas el 4 de septiembre de 2025.** El recurrente firmó su recurso el día el 23 de octubre de 2025 y lo presentó ante esta Curia en fecha de 27 de octubre de 2025. Ante tales hechos, suscribió y presentó su recurso de revisión judicial luego

de haber transcurrido el término jurisdiccional para presentar recursos de revisión judicial ante este Tribunal.

Aun si se tomara como fecha de radicación el día 23 de octubre de 2025, el recurrente de igual forma incumple con el aludido término jurisdiccional para la presentación oportuna de un recurso de revisión judicial. La razón de ello estriba en que, a la fecha del 23 de octubre de 2025, habían transcurrido cuarenta y nueve (49) días desde la notificación de las determinaciones que hoy se nos solicitan revisar. Por lo cual, el recurso incoado adolece de presentación tardía y en consecuencia compulsoriamente debemos decretar su desestimación. Es necesario destacar que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales." *Febles v. Romar,* 159 DPR 714, 722 (2003).

**IV.**

Por los fundamentos que anteceden, *desestimamos* el recurso presentado por presentarse tardíamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones