ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| KEDWIN RIVERA MÉNDEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITCIÓN<br><br>Recurrido | TA2026RA00078 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. PP38325<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2026.

Comparece ante esta Curia, por derecho propio y de forma *pauperis,* el Sr. Kedwin J. Rivera Méndez (Sr. Rivera Méndez o Recurrente). Suplica que ordenemos al Departamento de Corrección y Rehabilitación (DCR) proveerle los remedios, programas y servicios requeridos en su Plan Institucional, previo a cumplirse el término mínimo de su sentencia.

Conforme a los fundamentos que expondremos a continuación, procede la desestimación del recurso por falta de jurisdicción ante su presentación prematura.

**I.**

En su escrito intitulado *Solicitud de Auxilio de Jurisdicción,* el Sr. Rivera Méndez expresa que se encuentra bajo la custodia del DCR, en el Complejo Correccional de Ponce.[1] Señala que, según la Hoja de Control sobre Liquidación de Sentencias, el término mínimo

---

[1] Cabe destacar que, el recurso del Recurrente carece del apéndice que requiere la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

a cumplir para él ser elegible a recibir los beneficios de la Junta de Libertad bajo Palabra -y que esta última adquiera jurisdicción sobre este asunto- es el 4 de diciembre de 2026. Aduce que, la institución en la cual se encuentra confinado no cuenta con el Programa de Evaluación y Asesoramiento (SPEA), ni con el personal capacitado para ofrecer las terapias sobre Aprendiendo a Vivir sin Violencia, las cuales son un requisito del Plan Institucional.

Según expone, lo antes constituye un impedimento ajeno a su voluntad que afecta su rehabilitación, retrasa su proceso institucional y lo expone a consecuencias disciplinarias, entre otros. De conformidad, nos solicita que ordenemos a la agencia recurrida proveerle los programas y servicios que exige el Plan Institucional, de manera inmediata, a modo de que ello no perjudique su elegibilidad a recibir los beneficios de la Junta de Libertad bajo Palabra o de cualquier otro privilegio al que pueda cualificar. Alega haber agotado todos los recursos administrativos que dispone la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq,* sin propiamente consignar peticiones ante la agencia. Sobre tales bases suplica que asumamos jurisdicción sobre esta causa y que ordenemos al DCR proveer el remedio solicitado, previo al 6 de diciembre de 2026, que cumple el término mínimo de su sentencia.

Hemos examinado con detenimiento el recurso sometido por el Recurrente. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42.

## II.

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Es por ello,

que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432 (2024).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra.

Como se sabe, un recurso prematuro es aquel que ocurre antes de tiempo, por haber sido instado con relación a una controversia que no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Mientras que, un recurso tardío es aquel presentado fuera del término provisto para revisarlo. *Íd.* El efecto de ambos es que, el tribunal al cual se recurre está privado de jurisdicción para atenderlos. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo,

si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Mun. Aguada v. W. Const. y Recovery Finance*, supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 26) (2019). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Íd.*, (nota 25), citando a *Yumac Home v. Empresas Massó,* supra.

### III.

El Recurrente solicita nuestra intervención para que ordenemos al DCR proveerle las terapias y servicios que requiere su Plan Institucional. La urgencia de su súplica responde a que, según alega, el término mínimo para ser elegible a los beneficios de la Junta de Libertad bajo Palabra está pautado para el 4 de diciembre de 2026, y las terapias solicitadas pueden extenderse durante doce (12) meses. Al mismo tiempo, el Recurrente asegura haber agotado los recursos administrativos y haber acudido ante el Tribunal de Primera Instancia, sin éxito.

Antes de ejercer nuestra función revisora, precisa auscultar si esta Curia goza de jurisdicción para entender en el presente asunto. Surge claramente de su escrito que, en la presente causa no existe un pronunciamiento del DCR que podamos revisar, en respuesta a su presunta solicitud de remedios a la cual el Recurrente hace referencia en su recurso. Es decir, colegimos de su comparecencia

que, el Recurrente implora nuestra intervención para ordenar a la agencia recurrida proveerle los remedios sin que el DCR haya actuado sobre un presunto petitorio previo o sin identificar errores incurridos notificados en una determinación final que permitiría nuestra revisión apelativa. Conforme a la normativa antes expuesta, hasta tanto el DCR no evalúe y resuelva su solicitud de remedio, esta Curia carece de jurisdicción para entender en los méritos de esta causa. No es hasta que el DCR emita su dictamen que comienza a cursar el plazo para comparecer ante esta Curia en revisión administrativa.

Por los fundamentos expuestos, procede la inmediata desestimación del recurso apelativo de epígrafe. A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta al foro apelativo a desestimar un recurso apelativo en ausencia de jurisdicción. Ahora bien, lo antes no prejuzga la determinación que en su día realice el DCR sobre este asunto, ni menoscaba el derecho del Recurrente a acudir nuevamente ante esta Curia del referido dictamen.

**IV.**

Por los fundamentos expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones